■ PENSTRAW, INC., Respondent, v METROPOLITAN TRANSPORTATION AUTHORITY, Appellant. [608 NYS2d 807] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered June 16, 1993, which *inter alia,* granted plaintiff's motion for a preliminary injunction enjoining defendant from improving or altering certain demised premises, selling or leasing the demised premises or otherwise interfering with plaintiff's option to lease the demised premises, unanimously affirmed, without costs.

The IAS Court properly preliminarily enjoined defendant from interfering with plaintiff's contractual right to lease additional space.

Plaintiff commercial tenant has the right of first refusal triggered when the defendant approves an Overall Development Plan for the renovation of Grand Central Terminal. Since the lease does not expressly require that the exercise of the right of first refusal incorporate the elements of a Request for Proposals publicly made after the Overall Development Plan was formulated, plaintiff has sustained its burden of showing a likelihood of success on the merits. In the circumstances presented calculation of future damages would be unreliable and risky *(see, Van Wagner Adv. Corp. v S & M Enters.,* 67 NY2d 186, 193), and accordingly, there is the potential for irreparable harm. Accordingly, the grant of plaintiff's motion for a preliminary injunction preserves the status quo, and was not an abuse of discretion *(see, Gambar Enters. v Kelly Servs.,* 69 AD2d 297, 306).

We have considered the remaining arguments, and find them to be without merit. Concur—Murphy, P. J., Sullivan, Rosenberger and Wallach, JJ.