[833 NE2d 191, 800 NYS2d 48]

NOBU NEXT DOOR, LLC, Plaintiff, and NOBU CORP., Appellant, v FINE ARTS HOUSING, INC., Respondent.

Decided April 5, 2005

*Wagner Davis, P.C.*, New York City (*Bonnie Reid Berkow* of counsel), for appellant.

*Borah, Goldstein, Altschuler, Schwartz & Nahins, P.C.*, New York City (*Jeffrey R. Metz* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division, insofar as appealed from, should be affirmed, with costs; the certified question should be answered in the affirmative.

The decision to grant or deny provisional relief, which requires the court to weigh a variety of factors, is a matter ordinarily committed to the sound discretion of the lower courts. Our power to review such decisions is thus limited to determining whether the lower courts' discretionary powers were exceeded or, as a matter of law, abused (*Doe v Axelrod*, 73 NY2d 748, 750 [1988]). The party seeking a preliminary injunction must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor (*see* CPLR 6301; *see generally Doe*, 73 NY2d at 750).

Here, in addition to a *Yellowstone* injunction, plaintiff Nobu Corp. also sought a preliminary injunction tolling its time to exercise the renewal option in its lease (*see Waldbaum, Inc. v Fifth Ave. of Long Is. Realty Assoc.*, 85 NY2d 600 [1995]; *First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d 630 [1968]). The Appellate Division considered appropriate equitable factors in determining that the balance of the equities did not tip in Nobu Corp.'s favor. Accordingly, that Court did not exceed or abuse its equitable powers in vacating the preliminary injunction.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur in memorandum.

On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order, insofar as appealed from, affirmed, etc.