■ Luis Chuqui, Appellant, v Church of Saint Margaret
Mary, Respondent and Third-Party Plaintiff. Promo Pro Ltd.,
Third-Party Defendant-Respondent. [835 NYS2d 74]—

Order, Supreme Court, Bronx County (Betty Owen Stinson,
J.), entered December 23, 2005, which, in an action for personal
injuries under the Labor Law, upon converting defendant
premises owner's motion to dismiss for failure to state a cause
of action into a motion for summary judgment, dismissed the
complaint, unanimously affirmed, without costs.

Defendant's post-note of issue motion to dismiss for failure to
state a cause of action was timely since such a motion can be
made at any time (CPLR 3211 [e]), and the CPLR 3212 (a)
requirement of demonstrating good cause for the delay is not
implicated. Since it was plaintiff himself who requested that the
motion be converted into one for summary judgment (CPLR
3211 [c]), he will not be heard to complain that summary judg-
ment treatment was improper. No cause of action exists under
Labor Law § 240 (1). Although the heating unit that plaintiff
was manually realigning had been placed on the roof by a crane,
the injury plaintiff suffered when his hand got stuck between
the unit and the platform on which it was resting was a general
hazard of the workplace and not the result of a significant risk
inherent in the elevation differential between the unit and the
platform (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259,
268-269 [2001]). Nor is there a cause of action under Labor Law
§ 200, since the construction contract provided that the contrac-
tor would supervise and direct all of the work (*see Russin v
Louis N. Picciano & Son*, 54 NY2d 311, 317 [1981]), and
defendant's retention of access to check the progress and qual-
ity of the work was merely a right to exercise general supervi-
sion (*see O'Sullivan v IDI Constr. Co., Inc.*, 28 AD3d 225, 226-
227 [2006], *affd* 7 NY3d 805 [2006]). The section relied on by
plaintiff for his Labor Law § 241 (6) claim, 12 NYCRR 23-1.7 (e)
(2), entitled "Working areas" under the heading "Tripping and
other hazards," is inapplicable to the facts of this case. The ref-

erence therein to "platforms" (along with "floors" and "similar areas where persons work or pass") is clearly to the type of platform upon which one walks. By contrast, the platform here was something on which the heating unit rested. Moreover, plaintiff, in his deposition testimony, could offer only speculation as to whether his hand was injured by a "sharp projection."

We have considered plaintiff's other contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Sullivan, Gonzalez and McGuire, JJ.