■ JAMES POST, Appellant, v TODD KILLIAN et al., Respondents. [899 NYS2d 842]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered February 3, 2009, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for a preliminary injunction against foreclosing upon or transferring shares in a cooperative apartment and taking possession of the apartment, and denied a request to consolidate with a pending Civil Court summary holdover proceeding, unanimously affirmed, with costs.

A party seeking a preliminary injunction must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction, and a balance of equities in its favor (*see Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005]). Here, plaintiff has failed to show a likelihood of success on the merits of his challenge to a termination of his proprietary lease and shares by the apartment cooperative's board of directors, as he has not shown that the board acted in bad faith or outside the scope of its authority in a way that did not legitimately further the cooperative's corporate purpose (*see 40 W. 67th St. v Pullman*, 100 NY2d 147, 156 [2003]). Furthermore, based upon the evidence of record demonstrating plaintiff's misconduct while a resident of the cooperative, the balance of equities does not tip in his favor.

Plaintiff's request to consolidate this action with a holdover proceeding in Civil Court was rendered academic because that court had already granted relief in that proceeding. Concur—Tom, J.P., Sweeny, Moskowitz, DeGrasse and Manzanet-Daniels, JJ.