STELLAR SUTTON LLC, Appellant, v LINDA DUSHEY et al., Respondents. [918 NYS2d 418]—

Paragraph 39 of the Contract of Sale provides, "In connection with any litigation *arising out of this Agreement,* the prevailing party shall be entitled to recover all costs, including reasonable attorneys' fees" (emphasis added). Paragraph 22 addresses exclusively the lease agreements at issue and explicitly references defendants. Thus, contrary to plaintiff's contention, the documentary evidence does not establish as a matter of law that defendants may not seek to enforce paragraph 22 of the Contract of Sale, including the right to prevailing party attorneys' fees.

Initially, we note that the question of whether specific performance should be awarded to a party is ordinarily committed to the sound discretion of the trial court and should not be determined on a motion to dismiss (*see Cho v 401-403 57th St. Realty Corp.,* 300 AD2d 174 [2002]). We reject plaintiff's contention that the remedy of specific performance of the apartment 15A lease is unavailable to defendants as a matter of law (*see Van Wagner Adv. Corp. v S & M Enters.,* 67 NY2d 186 [1986]). The object of this transaction for defendants was that they remain together as a family in apartments in the same building at below-market rents—"not a minor consideration" (*see e.g. Seitzman v Hudson Riv. Assoc.,* 126 AD2d 211, 214 [1987]). Under these circumstances and at this stage in the proceedings, the bargained-for options in the contract of sale are incapable of being valued with reasonable certainty (*see Van Wagner,* 67 NY2d at 193-194).

Defendants demonstrated their entitlement to the preliminary injunction with respect to apartments 15A, 11B and 11F (*see Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839 [2005]). They established that there was "activity" going on in apartment 15A, that renovations were being made to apartments 11B and 11F, and that plaintiff was accepting applications for these units; that, given the difficulty, if not impossibility, of finding another building in New York where they could live as a family at below-market rents, they would suffer irreparable harm if unable to exercise their contractual options to lease one of these apartments, while plaintiff would be required merely to abide by the terms of its purchase of the building in 2005 (*see e.g. Penstraw, Inc. v Metropolitan Transp. Auth.*, 200 AD2d 442 [1994]); and, that success on the merits was likely, given the finding made in a prior related proceeding that the contractual options are enforceable (*see Tucker v Toia*, 54 AD2d 322, 325-326 [1976]). Contrary to plaintiff's contention, both apartments 11B and 11F were appropriately included in the injunction, because whether these apartments qualify under the particular contractual option at issue cannot be determined on this record—largely because of plaintiff's inconsistent evidence and representations. Finally, plaintiff offered no "new facts" in its renewal motion that could not have been provided on the prior motion. Concur—Andrias, J.P., Catterson, Moskowitz, Abdus-Salaam and Román, JJ.