■ SARAH SCHOTTENSTEIN, Appellant, v WINDSOR TOV, LLC, et al., Respondents, et al., Defendants. [924 NYS2d 788]—

Judgment, Supreme Court, New York County (Emily Jane Goodman, J.), entered May 17, 2010, granting defendant Board of Managers of Windsor Park Condominium the total sum of $57,372.71, and bringing up for review an order, same court and Justice, entered April 8, 2010, which denied plaintiff's motion for a preliminary injunction staying her obligation to pay past and current common charges pendente lite, and an order, same court (Michael D. Stallman, J.), entered June 17, 2009, which granted the Board's motion for summary judgment on its counterclaims for unpaid common charges, fees and interest for the period of September 2006 through January 2009, unanimously affirmed, without costs. Order, same court (Emily Jane Goodman, J.), entered January 7, 2011, which granted the Board's motion for judgment in the amount of $20,466.99 for unpaid common charges from February 2009 through December 2010, and directed plaintiff to pay ongoing common charges when due, unanimously affirmed, without costs.

Plaintiff seeks a preliminary injunction staying her obligation to pay past and current common charges on the ground that her condominium unit was destroyed by extensive water leaks and mold and suffered a "Casualty Loss" within the meaning of the condominium bylaws, thereby relieving her from the obligation to pay common charges. Plaintiff failed to demonstrate a likelihood of success on the merits, the prospect of irreparable harm absent an injunction, and a balance of equities in her favor (*see*

*Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839 [2005]).

She failed to demonstrate that her unit suffered a casualty loss or that the bylaws provide for an abatement of common charges when an individual unit, as opposed to "either (I) the Building or a part thereof," is "damaged or destroyed by fire or other casualty." She failed to demonstrate that her potential damages are not compensable in money and capable of calculation (*see Credit Index v RiskWise Intl.*, 282 AD2d 246 [2001]). She failed to demonstrate that any injury she is likely to sustain will be more burdensome to her than the harm likely to be caused the Board by the imposition of an injunction will be to it (*see id.*).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Catterson, Moskowitz, Freedman and Richter, JJ. **[Prior Case History: 2010 NY Slip Op 30788(U).]**