Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered on or about January 4, 2012, which denied plaintiffs’ motion for a preliminary injunction and dissolved a temporary restraining order issued on December 28, 2011, unanimously affirmed, with costs. The stay granted by this Court by order entered February 14, 2012 is continued for 45 days from the date of service of the order on this appeal with notice of entry.
The court properly denied plaintiffs’ motion seeking to enjoin defendants from taking any action to transfer the mortgage loan, which was part of a securitization trust, to defendant Galante Holdings, Inc. The court properly found that plaintiffs failed to comply with the pooling and servicing agreement’s *582 “no-action” clause. That clause provides that no certificate holder has the right to bring any suit unless the holders of certificates representing interests of at least 25% of “each affected [c]Iass” shall have first given notice to a trustee requesting that the suit be brought and the trustee shall not bring the suit within a 60-day period. Plaintiffs only hold an interest in two of the affected classes constituting far less than the required 25%. Furthermore, they did not obtain the consent of any other classes before commencing this action.
Moreover, even if plaintiffs could show that they were not required to comply with the “no action” clause before commencing this action, they failed to demonstrate that they were otherwise likely to succeed on the merits of their claims, that they would suffer irreparable injury in the absence of an injunction and that a balance of the equities tips in their favor (see generally Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839 [2005]; see also CPLR 6301).
We have considered plaintiffs’ remaining arguments and find them unavailing. Concur — Sweeny, J.P, Catterson, Acosta, Freedman and Román, JJ.