■ LAIG, Appellant, v MEDANITO S.A., Respondent. [13 NYS3d 386]—Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered November 10, 2014, which denied plaintiff's motion for a preliminary injunction, unanimously affirmed, with costs.

In November 2013, plaintiff and defendant began negotiating the potential joint purchase of shares of an Argentine company (CHASA). The parties entered into a confidentiality agreement, which included a provision that defendant would refrain from acquiring CHASA shares without plaintiff for a period of one year, unless plaintiff decided not to continue with the acquistion. Subsequently, the parties jointly submitted a binding offer to the shareholders of CHASA to purchase the CHASA shares. While the binding offer contained a merger clause, this clause did not cause the binding offer to supersede the confidentiality agreement, as the binding offer does not govern the relationship or terms between the parties.

Nevertheless, plaintiff failed to sustain its "particularly high" burden of proof with respect to the likelihood of its success on the merits (*Council of City of N.Y. v Giuliani*, 248 AD2d 1, 4 [1st Dept 1998], *appeal dismissed, lv dismissed and denied* 92 NY2d 938 [1998]; *see Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005]). Given the numerous documents and text messages showing that plaintiff did not have the financial ability to purchase the CHASA shares, plaintiff failed to provide sufficient evidence to refute defendant's assertion that plaintiff decided not to continue with the transaction.

Plaintiff also failed to show the prospect of irreparable harm if the injunction is not granted, and the balance of equities in its favor (*Giuliani*, 248 AD2d at 4).

Given the foregoing determination, we need not consider plaintiff's remaining contention regarding an undertaking. Concur—Tom, J.P., Andrias, Gische and Kapnick, JJ.