■ JOHNATHAN JOHNSON, Appellant, v JEFF MCKAY et al., Respondents. [54 NYS3d 341]—

Devine, J. Appeal from an order of the Supreme Court (Ellis, J.), entered June 8, 2016 in Franklin County, which denied plaintiff's motion for a preliminary injunction.

Plaintiff, a prison inmate, commenced this action to challenge, among other things, the enforcement of a Department of Corrections and Community Supervision (hereinafter DOCCS) regulation. The regulation provides that incoming mail from county clerks is "general incoming correspondence" (7 NYCRR 721.2 [b] [5]) that, unlike privileged legal correspondence (*see* 7 NYCRR 721.2 [a] [2]), may be opened and inspected for contraband outside of the recipient's presence (*compare* 7 NYCRR 720.4 [a] [2] *with* 7 NYCRR 721.3 [b] [5] [ii]). Plaintiff claims that mail from a county clerk is privileged legal correspondence that must be opened in his presence which, it is alleged, such mail addressed to him had not been. Plaintiff moved for a temporary restraining order and preliminary injunction seeking to enjoin defendant Jeff McKay, a DOCCS official involved in the processing of inmate mail, from enforcing the challenged regulation. Supreme Court denied the motion, and plaintiff now appeals.

We affirm. "[A]n individual may be held liable under 42 USC § 1983 only if he or she was personally involved in the alleged deprivation of the plaintiff's constitutional rights," and it is far from clear that plaintiff alleged that involvement on the part of any of the named defendants (*Corvetti v Town of Lake Pleasant*, 146 AD3d 1118, 1126 [2017] [internal quotation marks and

citation omitted]; *see Shelton v New York State Liq. Auth.*, 61 AD3d 1145, 1149 [2009]). Assuming without deciding that he did, plaintiff was obliged to demonstrate a likelihood of success on the merits, irreparable harm in the absence of an injunction and a balancing of the equities in his favor in order to obtain injunctive relief (*see* CPLR 6301; *Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005]; *Norton v Dubrey*, 116 AD3d 1215, 1215 [2014]).

It is true that "prisoners have a right to 'the free flow of incoming and outgoing mail' " (*Johnson v Goord*, 445 F3d 532, 534 [2d Cir 2006], quoting *Davis v Goord*, 320 F3d 346, 351 [2d Cir 2003]), but that right may be regulated in ways "reasonably related to legitimate penological interests" (*Turner v Safley*, 482 US 78, 89 [1987]; *see Johnson v Goord*, 445 F3d at 534; *Matter of Lucas v Scully*, 71 NY2d 399, 405 [1988]). Prison officials are accordingly allowed to inspect most incoming mail for contraband outside of the recipient's presence, and, while legal mail is entitled to greater protection (*see Johnson v Goord*, 445 F3d at 534), "by acceding to a rule whereby the inmate is present when mail from attorneys is inspected, [DOCCS has] done all, and perhaps even more, than the Constitution requires" (*Wolff v McDonnell*, 418 US 539, 577 [1974]). Mail from a county clerk does not implicate the same concerns as mail from an attorney, even if the county clerk is writing as clerk of the court (*see* County Law § 525 [1]), as it does not come from "someone who can provide legal advice about a prisoner's rights" and involves matters of public record (*Sallier v Brooks*, 343 F3d 868, 876 [6th Cir 2003]; *see Martin v Brewer*, 830 F2d 76, 78 [7th Cir 1987]; *see also* Judiciary Law § 255). Plaintiff makes no effort to chart a course around this precedent to show that the enforcement of 7 NYCRR 721.2 (b) (5) deprived him of a constitutional right and, therefore, he has not demonstrated a likelihood of success on the merits.

Plaintiff also failed to articulate how he will be irreparably harmed in the absence of injunctive relief, and, suffice it to say, we fail to see how the equities balance in his favor. Thus, Supreme Court did not abuse its discretion in denying plaintiff's motion for injunctive relief (*see Norton v Dubrey*, 116 AD3d at 1215-1216).

McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur. Ordered that the order is affirmed, without costs.