In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Westchester County Board of Elections to relocate the polling place for Election Districts 16, 17, 29, and 33 from the Town of Yorktown Town Hall to alternative polling places for a general election to be held on November 7, 2017, and, in effect, action for injunctive relief, the petitioner/ plaintiff appeals from an order of the Supreme Court, West-chester County (Schwartz, J.), entered October 31, 2017, which denied his motion to preliminarily enjoin the respondent/defendant Westchester County Board of Elections from relocating the polling place for Election Districts 16, 17, 29, and 33 from the Town of Yorktown Town Hall to alternative polling places for the general election to be held on November 7, 2017, and to enjoin the respondents/defendants Town of Yorktown and Town of Yorktown Department of Highways from undertaking any construction that would impede access to the Town of Yorktown Town Hall during the general election to be held on November 7, 2017.
 

 Ordered that the order is reversed, on the law, without costs or disbursements, and the petitioner/plaintiff’s motion to preliminarily enjoin the respondent/defendant Westchester County Board of Elections from relocating the polling place for Election Districts 16, 17, 29, and 33 from the Town of Yorktown Town Hall to alternative polling places for the general election to be held on November 7, 2017, and to enjoin the respondents/ defendants Town of Yorktown and Town of Yorktown Department of Highways from undertaking any construction that would impede access to the Town of Yorktown Town Hall during the general election to be held on November 7, 2017, is granted.
 

 The petitioner/plaintiff (hereinafter the petitioner), who is a registered voter residing in the 17th Election District in the Town of Yorktown, commenced this hybrid proceeding to review a determination of the respondent/defendant Westchester County Board of Elections (hereinafter the Board) to relocate the polling place for Election Districts 16, 17, 29, and 33 from the Town of Yorktown Town Hall (hereinafter the Town Hall) to alternative polling places for a general election to be held on November 7, 2017, and, in effect, action to enjoin the respondents/defendants Town of Yorktown and Town of Yorktown Department of Highways (hereinafter together the Town respondents) from undertaking any construction that would impede access to the Town Hall during that election. The petitioner thereafter moved to preliminarily enjoin the Board from relocating the polling place and to enjoin the Town respondents from undertaking that construction. The Supreme Court denied the motion, and the petitioner appeals.
 

 The petitioner established, by clear and convincing evidence, a likelihood of success on the merits of his claim that the decision by the Board to relocate the polling place for the subject election districts was arbitrary and capricious. Pursuant to Election Law § 4-104 (1), polling places “must be designated by May first, of each year, and shall be effective for one year thereafter.” Although a board of elections has the discretion to designate an alternative polling place if “a particular polling place so designated is subsequently found to be unsuitable or unsafe or should circumstances arise that make a designated polling place unsuitable or unsafe” (Election Law § 4-104 [1]), the evidence in the record indicates that the Board made the determination to relocate the polling place less than three weeks before the election based only on a general advisement by an unnamed Town official that construction would be performed at the Town Hall on the day of the election. There is no indication that the Board was informed or inquired as to the extent of the construction, the hours during which it would be performed, the extent to which the construction prevented access to the building, or the feasibility of halting construction on the day of the election. Under these circumstances, the petitioner demonstrated a likelihood of success on his claim that the determination to relocate the polling place was arbitrary and capricious.
 

 Moreover, the petitioner has demonstrated that irreparable harm would result if the polling place were relocated, particularly at this late date, and that the balance of equities is in his favor.
 

 The respondents/defendants’ remaining contention is without merit.
 

 Accordingly, the Supreme Court should have granted the petitioner’s motion for a preliminary injunction (see CPLR 6301; see generally Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]).
 

 Sgroi, J.P., Hinds-Radix, Maltese and Brathwaite Nelson, JJ., concur.