P360 Spaces LLC v Orlando (2018 NY Slip Op 02749)





P360 Spaces LLC v Orlando


2018 NY Slip Op 02749


Decided on April 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2018

Sweeny, J.P., Richter, Webber, Gesmer, Moulton, JJ.


6351 156534/15

[*1]P360 Spaces LLC, Plaintiff-Appellant,
v
Patricia Orlando, et al., Defendants-Respondents, John Doe, et al., Defendants.


Brill & Meisel, New York (Allen H. Brill of counsel), for appellant.
Gallet Dreyer & Berkey, LLP, New York (Jerry A. Weiss of counsel), for respondents.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered April 13, 2017, which, in this dispute between condominium unit owners over basement space, denied plaintiff's motion for summary judgment on its causes of action and dismissing the counterclaims of defendants Patricia Orlando and Daren Orlando (Orlando defendants), unanimously modified, on the law, the motion granted with respect to plaintiff's claims for trespass, a warrant of eviction and a permanent injunction, and the Orlando defendants' counterclaim for unjust enrichment, and it is declared that the Orlando defendants are not the owners in fee of the basement space and do not have the exclusive right to use the basement space, and otherwise affirmed, without costs.
The Declaration and Offering Plan are unambiguous and clearly state that the disputed basement space was a Limited Common Element of the front unit owned by plaintiff. The deeds to both parties' units were silent on this issue, but provided that each buyer agreed that their ownership was subject to the Declaration. Paragraph Fifth of the Declaration provided that the use of the basement space was deemed conveyed with the conveyance of the front unit, even if the interest was not expressly described in the conveyance. In order to amend the Declaration, pursuant to paragraph Tenth(b), the board was required to execute an instrument upon the affirmative vote of 80% of the unit owners held at a duly called meeting. Moreover, paragraph Tenth(b)(I) provided that an amendment which altered the right to portions of the common elements required the consent of 100% of the affected unit owners.
Here, there was never a duly held meeting of the unit owners at which 80% voted to amend the Declaration to permit transfer of the right to use the basement space from the front unit to the rear unit. Thus, plaintiff retained the right to use the basement space. Parol evidence of the parties' contrary intent is irrelevant in the face of the unambiguous governing documents (see W.W.W. Assoc. v Gianontieri, 77 NY2d 157, 162 [1990]). Plaintiff's acknowledgment in the contract of sale that it was not purchasing the right to use the basement storage space is not controlling because the deed contained a provision that the sale was subject to the provisions of the Declaration, which stated that the storage space was for the use of the front unit.
Accordingly, plaintiff was entitled to judgment as a matter of law on the trespass claim because defendants intentionally occupied the basement space, which was exclusively for the use of plaintiff's unit (see Berenger v 261 W. LLC, 93 AD3d 175, 181 [1st Dept 2012]). With respect to plaintiff's claims for a warrant of eviction and a permanent injunction, plaintiff demonstrated a probability of success on the merits, the danger of irreparable injury, and a balance of equities in its favor (see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]). The Orlando defendants were still occupying the space, other remedies were inadequate, and a balancing of the equities favored plaintiff, based on its legal right to use the space.
The court properly denied summary judgment on plaintiff's unjust enrichment claim in that there were issues of fact as to whether it was "against equity and good conscience" to permit defendants to retain the monies and benefits obtained from the use of the space (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011] [internal quotation marks omitted]). When plaintiff purchased the front unit, it signed a contract of sale in which it agreed that the basement space was not being conveyed to it. The Orlando defendants shared the mistaken belief that they had the right to use the space, which appeared to be validated by the board's approval of their renovation plans that included incorporating the basement space into the rear unit.
The record further demonstrates that plaintiff is entitled to summary judgment on the Orlando defendants' counterclaim for a declaration that they are the owners in fee of the basement space and that they have the exclusive right to use the basement space. The issuance of a declaration rather than dismissal of the counterclaim is the proper course and thus, we declare to the extent indicated (see Lanza v Wagner, 11 NY2d 317, 334 [1962], cert denied 371 US 901 [1962]). Finally, the Orlando defendants' counterclaim for unjust enrichment based on their payment of a premium for the unit upon the belief that it included use of the basement space is dismissed because they paid the seller, not plaintiff.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 24, 2018
CLERK