McMahon v Cobblestone Lofts Condominium (2018 NY Slip Op 03490)





McMahon v Cobblestone Lofts Condominium


2018 NY Slip Op 03490


Decided on May 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2018

Richter, J.P., Andrias, Webber, Gesmer, Moulton, JJ.


151136/14 -6574N 6573 6572

[*1] Shane McMahon, etc., et al., Plaintiffs-Appellants-Respondents,
v
The Cobblestone Lofts Condominium, et al., Defendants-Respondents-Appellants, Nova Restoration of NY Inc., et al., Defendants. [And Other Actions]
Shane McMahon, etc., et al., Plaintiffs-Respondents,
v
The Cobblestone Lofts Condominium, et al., Defendants-Appellants, Nova Restoration of NY Inc., et al., Defendants.


Gordon Law LLP, New York (Michael R. Gordon of counsel), for appellants-respondents/respondents.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York (I. Elie Herman of counsel), for respondents-appellants/appellants.



Orders, Supreme Court, New York County (Geoffrey D.S. Wright, J.), entered August 2, 2016 and April 25, 2017, which, respectively, granted in part and denied in part defendants' motion to dismiss the complaint, and granted in part and denied in part defendants' motion to resettle and reargue the prior order, and order, same court (Erika M. Edwards, J.), entered October 10, 2017, which granted plaintiffs' motion for a preliminary injunction directing defendants to make the requested repairs to common elements of the building, unanimously affirmed, with costs.
Although so much of defendants' post-answer motion as sought to dismiss plaintiffs' claims under CPLR 3211(a)(1) was untimely, the court properly decided so much of the motion as sought dismissal under CPLR 3211(a)(7) for failure to state a cause of action, which may be made at any time (see CPLR 3211(e); see e.g. Chuqui v Church of St. Margaret Mary, 39 AD3d 397 [1st Dept 2007]). The record does not show that the court improperly relied upon documentary evidence in deciding the motion (see generally Rovello v Orofino Realty Co., 40 NY2d 633, 636 [1976]). The court properly dismissed the tort and contract claims against the managing agent defendant, Andrews, who was at all times acting as agent for a disclosed principal, the condominium defendant, Cobblestone. There was no evidence of Andrews' intention to substitute or superadd its liability for, or to, that of Cobblestone, and it was not in exclusive control of the building (see Brasseur v Speranza, 21 AD3d 297, 299 [1st Dept 2005]).
The court properly declined to dismiss the causes of action relating to Cobblestone's contractual and statutory duties to repair and maintain the roof over the plaintiffs' penthouse (see Daitch v Naman, 25 AD3d 458 [1st Dept 2006]), and properly dismissed the negligence cause of action against it. The allegations concerning Cobblestone's defective work sound in breach of contract, not negligence (see Board of Mgrs. of Soho N. 267 W. 124th St. Condominium v NW 124 LLC, 116 AD3d 506, 507 [1st Dept 2014]). The complaint also fails to allege conduct that approaches the level of outrageousness or extremity necessary to support a claim of intentional infliction of emotional distress (see Howell v New York Post Co., 81 NY2d 115, 121-122 [1993]). Plaintiffs' cause of action seeking an abatement fails since their unit did not suffer a "casualty loss" as required under the bylaws (see Schottenstein v Windsor Tov, LLC, 85 AD3d 546 [1st Dept 2011], lv dismissed 18 NY3d 879 [2012]).
The court properly denied dismissal of the injunctive relief claim and properly granted plaintiffs' subsequent motion for a preliminary injunction requiring Cobblestone to make all necessary repairs to prevent further infiltration of water in plaintiffs' unit. Plaintiff demonstrated a likelihood of success on the merits, the prospect of irreparable harm absent an injunction and a balance of equities in their favor (see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839 [2005]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 15, 2018
CLERK