UAH-Mayfair Mgt. Group LLC v Clark (2019 NY Slip Op 08536)





UAH-Mayfair Mgt. Group LLC v Clark


2019 NY Slip Op 08536


Decided on November 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 26, 2019

Mazzarelli, J.P., Kapnick, Gesmer, Moulton, JJ.


10448 653590/18

[*1] UAH-Mayfair Management Group LLC, et al., Plaintiffs-Respondents,
v
Michael Clark, et al., Defendants-Appellants.


Wick Phillips, Dallas, TX (Brett L. Myers of the bar of the State of Texas, admitted pro hac vice, of counsel), for appellants.
Meister Seelig & Fein LLP, New York (David E. Ross of counsel), for respondents.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered October 16, 2018, which granted plaintiffs a preliminary injunction enforcing contractual covenants through the trial of this matter, unanimously affirmed, with costs.
In order to obtain a preliminary injunction, movant must show (1) a likelihood of ultimate success on the merits; (2) the prospect of irreparable injury if the provisional relief is withheld; and (3) a balance of equities tipping in its favor (see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]).
The IAS court did not abuse its discretion in finding that defendants violated the restrictive covenants in their various agreements with plaintiffs. Defendants effectively admitted to a number of violations at the evidentiary hearing.
Because these covenants arose from the sale of defendants' business, irreparable injury is presumed (Manhattan Real Estate Equities Grp. LLC v Pine Equity, NY, Inc., 16 AD3d 292 [1st Dept 2005]). In any event, the diversion of business from plaintiffs in this case would likely lead to damages that could not be calculated with reasonable certainty. For this reason also, plaintiffs are irreparably harmed (see Ecolab Inc. v Paolo, 753 F Supp 1100, 1110 [ED NY 1991]).
The balance of equities favors plaintiffs. Defendants can pursue consulting work in the affordable housing field, but may not interfere with plaintiffs' relationship with former customers. Moreover, defendants were paid millions of dollars in connection with the sale of the business, and cannot now clawback the good will they sold (see Reed, Roberts Assoc. v Strauman, 40 NY2d 303, 307 [1976]).
The IAS court's order, which largely tracks the language in the parties' heavily negotiated agreements, is not unenforceably
vague (see Xerox Corp. v Neises, 31 AD2d 195, 197-198 [1st Dept 1968]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 26, 2019
DEPUTY CLERK