Asprea v Whitehall Interiors NYC, LLC (2022 NY Slip Op 03569)

Asprea v Whitehall Interiors NYC, LLC

2022 NY Slip Op 03569

Decided on June 02, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 02, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Rodriguez, Higgitt, JJ. 

Index No. 653586/19 Appeal No. 16073-16074-16074A Case No. 2021-01439, 2021-03673, 2021-03686 

[*1]Karen Asprea, Plaintiff-Appellant,
v
Whitehall Interiors NYC, LLC, et al., Defendants-Respondents. 

Gregory A. Sioris, New York, for appellant.
Milber Makris Plousadis & Seiden, LLP, Purchase (Jeffrey J. Fox of counsel), for respondents.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about March 5, 2021, which, to the extent appealed from, granted defendants' motion for a preliminary injunction, unanimously affirmed, without costs. Appeals from orders, same court and Justice, entered on or about July 29, 2021 and September 9, 2021, which, to the extent appealed from as limited by the briefs, respectively, granted, on default, defendants' motions to compel discovery and for discovery sanctions, unanimously dismissed, without costs, as taken from nonappealable orders.
Supreme Court providently exercised its discretion in granting the preliminary injunction to defendants (see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]). The court properly found that defendants demonstrated a likelihood of success on the merits, i.e., that plaintiff had violated the parties' agreements. The court also properly found that defendants were in danger of irreparable injury in the absence of a preliminary injunction, as it is well settled that the "loss of goodwill of a viable, ongoing business may constitute irreparable harm warranting the grant of preliminary injunctive relief" (Advent Software, Inc. v SEI Global Servs., Inc., 195 AD3d 498, 499 [1st Dept 2021]). The balance of the equities also favored defendants, as plaintiff will not be prejudiced given the narrow scope of the injunction, and the fact that she is enjoined only from conducting business that would likely be in violation of the parties' agreements.
The appeals from the discovery and sanctions orders are dismissed. These orders are nonappealable because they were entered upon plaintiff's default (CPLR 5511; see e.g. Manrique v Delgado, 195 AD3d 554 [1st Dept 2021]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2022