Sutton Lenox LLC v Tinta (2022 NY Slip Op 05817)

Sutton Lenox LLC v Tinta

2022 NY Slip Op 05817

Decided on October 18, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 18, 2022

Before: Acosta, P.J., Renwick, Webber, Singh, Moulton, JJ. 

Index No. 159981/20 Appeal No. 16490 Case No. 2022-01080 

[*1]Sutton Lenox LLC, Plaintiff-Appellant,
v
Ion Tinta et al., Defendants-Respondents.

Wrobel Markham LLP, New York (Steven I. Fox of counsel), for appellant.
Urban Justice Center, New York (Matthew Shapiro of counsel), and Schulte Roth & Zabel LLP, New York (Robert E. Griffin of counsel), for respondents.

Order, Supreme Court, New York County (Shawn T. Kelly, J.), entered on or about June 28, 2021, which denied plaintiff's motion for a preliminary injunction in accordance with CPLR 6301, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying the motion. Plaintiff, the ground-floor lessor of a building, failed to establish a likelihood of success on the merits of its claim that defendants' food carts constituted a nuisance (CPLR 6301; see Doe v Axelrod, 73 NY2d 748, 750 [1988]). In arguing its nuisance claim, plaintiff relies on the Administrative Code of the City of New York § 17-315(d) governing the proximity of food carts to buildings; however, there is no private right of action under that section of the Administrative Code (see Administrative Code § 17-321[a]). Additionally, violation of the code does not establish nuisance per se or a likelihood of success on the merits (see 61 W 62 Owners Corp. v CGM EMP LLC, 77 AD3d 330, 332, 334-335 [1st Dept 2010], mod on other grounds 16 NY3d 822 [2011]).
In addition, plaintiff has not demonstrated that it will suffer irreparable injury without imposition of a preliminary injunction (CPLR 6301; see Harris v Patients Med., P.C., 169 AD3d 433, 434 [1st Dept 2019]). Although plaintiff contends that there has been and will be substantial business interference from the danger of hazardous gas fumes from defendants' power generator entering the building, it failed to submit affidavits from the tenants whose businesses operate in the building, or to introduce evidence from experts attesting to past, present, or future irreparable harm.
Furthermore, given that defendants' food carts have been in the location in front of the building for over two decades, plaintiff has not demonstrated that the balance of the equities favor it (see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 18, 2022