| **Pedro Sales v Justiniano** |
|:---:|
| 2025 NY Slip Op 31660(U) |
| May 7, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 452906/2024 |
| Judge: Ashlee Crawford |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. ASHLEE CRAWFORD**     PART     38

*Justice*

-----------------------------------------------------------------------------X

PEDRO SALES, RODRIGO CANDIA, MELCHOR GALINDO, JAIRO RAMIREZ, DANIEL LOPEZ

                 Plaintiffs,

       - v -

ALMINDA JUSTINIANO, JUSTAL REALTY GROUP, INC,

                 Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 452906/2024 |
| MOTION DATE | 12/23/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 31, 32, 33, 34, 35, 39, 41, 49, 50, 51

were read on this motion to/for       INJUNCTION/RESTRAINING ORDER     .

Upon the foregoing documents, it is

Plaintiffs Pedro Sales, Jairo Ramirez, and Daniel Lopez move by order to show cause for a preliminary injunction (1) requiring defendants to correct the open violations and alleged conditions in plaintiffs' individual apartments and the common areas of the building located at 306 E 116th Street, New York, New York; (2) requiring defendants to cease from engaging in repair-related harassment; and (3) barring defendants from refusing to inspect and repair plaintiffs' apartments and to correct the open violations.

Under CPLR 6301, "[t]he party seeking a preliminary injunction must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of the equities in its favor" (Nobu Next Door, LLC v Fine Arts Housing, Inc., 4 NY3d 839, 840 [2005]).

452906/2024  SALES, PEDRO ET AL vs. JUSTINIANO, ALMINDA ET AL
Motion No. 002

Page 1 of 3

## Repairs and Open Violations

In accordance with the Court's ruling on the record on April 23, 2025, the first and third prongs of plaintiffs' order to show cause are GRANTED and the parties are directed as follows:

(1) Within ten days of entry of this order, the parties shall upload a stipulation containing their agreement on firm dates for defendants or their agent(s) to access plaintiffs' apartments for the purpose of conducting repairs and/or inspections, including in furtherance of clearing any open violations; and

(2) On the agreed-upon access dates, plaintiffs or their designated agents shall provide access to their apartments for the reasons set forth above in section (1); and

(3) Through the resolution of this action, the parties shall work in good faith to facilitate continued access to the subject apartments for the reasons set forth above in section (1).

## Repair-Related Harassment

The second prong of plaintiff's order to show cause, requiring defendants to cease from engaging in repair-related harassment, is also GRANTED. As set forth in the Housing Maintenance Code, the owner of a dwelling shall not harass any tenants or persons lawfully entitled to occupancy of such dwelling (New York City, N.Y., Code § 27-2005[d]). "Harassment" is defined to include, among other things, an interruption or discontinuance of an essential service, and repeated failures to correct hazardous or immediately hazardous code violations, which plaintiffs allege (id. at § 27-2004[a][48]; NYSCEF Doc. 1 at ¶¶ 12, 41-43 [Complaint]; see also NYSCEF Doc. 48 at ¶¶ 12, 42-44 [Amended Complaint]). Plaintiffs meet their burden under CPLR 6301 with respect to their harassment claim.

452906/2024  SALES, PEDRO ET AL vs. JUSTINIANO, ALMINDA ET AL
Motion No. 002

Page 2 of 3

2 of 3

<u>Certificate of Occupancy & Escrow Account</u>

Additionally, within 20 days of entry of this order, the parties shall file letter briefs via

NYSCEF, and email copies to Court Attorney Daniel Kessler at dkessler@nycourts.gov,

addressing the Court's *sua sponte* ruling on February 26, 2025, which directed plaintiffs to place

their rent payments in an escrow account maintained by plaintiffs' counsel, due to the undisputed

lack of certificate of occupancy for the building. As agreed on the record by counsel for the

parties, plaintiffs' counsel shall provide to defendants' counsel an accounting of the escrow

funds; such accountings shall be provided on a monthly basis until further order of the Court.

All parties, including defendant Alminda Justiniano, shall appear for a virtual status

conference on June 25, 2025, at 2:15 PM.

This constitutes the decision and order of the Court.

| | | |
|---|---|---|
| **5/7/2025** | | |
| **DATE** | | **ASHLEE CRAWFORD, J.S.C.** |

CHECK ONE:    ☐ CASE DISPOSED    ☒ NON-FINAL DISPOSITION

      ☒ GRANTED    ☐ DENIED    ☐ GRANTED IN PART    ☐ OTHER

APPLICATION:    ☐ SETTLE ORDER    ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:    ☐ INCLUDES TRANSFER/REASSIGN    ☐ FIDUCIARY APPOINTMENT    ☐ REFERENCE

452906/2024   SALES, PEDRO ET AL vs. JUSTINIANO, ALMINDA ET AL      Page 3 of 3
Motion No. 002

3 of 3