| **Fuhr v Smith** |
|:---:|
| 2025 NY Slip Op 34392(U) |
| July 25, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 153767/2025 |
| Judge: Gerald Lebovits |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. GERALD LEBOVITS** | **PART** 07 |
| | *Justice* | |

-------------------------------------------------------------------------------X

KRISTOPHER FUHR and SARA OBSTARCYK,

                Plaintiffs,

             - v -

LISA SMITH and A GOOD DOG RESCUE INC,

                Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 153767/2025 |
| **MOTION DATE** | 05/09/2025, 05/16/2025, 05/22/2025 |
| **MOTION SEQ. NO.** | 001 003 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, 20, 21, 22, 39, 40, 45

were read on this motion to/for           INJUNCTION/RESTRAINING ORDER     .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 25, 32, 33, 34, 35, 38, 41, 42, 49, 50, 46, 47, 48

were read on this motion for              REPLEVIN       .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 51, 52, 53, 54

were read on this motion to/for              SUR-REPLY       .

*Patrick Doerr PLLC*, New York, NY (Joshua I. Gornitsky, Mark T. Doerr, and Dong-Gun Daniel Lee of counsel), for plaintiffs.
*Karen Copeland Esq.*, New York, NY, for defendants.

Gerald Lebovits, J.:

      This action arises from a dispute about who should house a dog and her litter of puppies. Plaintiffs, Kristopher Fuhr and Sara Obstarczyk, are foster parents for rescue pets in New York State. A Good Dog Rescue, a pet-adoption organization, and Lisa Smith, the president of A Good Dog Rescue, are the defendants.

## BACKGROUND

      On January 10, 2025, plaintiffs signed a foster agreement with defendants temporarily to foster Lily, an adult dog, and Lily's litter of eight puppies. (NYSCEF No. 28.) Plaintiffs allege that Smith was unable to foster Lily and the litter, because Smith's home had recently been contaminated with Parvovirus, a highly contagious canine virus that can be deadly to puppies/unvaccinated dogs. (NYSCEF No. 4.) Plaintiffs began fostering Lily and her puppies in their home on January 11, 2025.

[* 1]

On March 8, 2025, Smith texted plaintiffs that she would retrieve Lily and her puppies from plaintiffs' home on March 14, 2025. On March 13, 2025, plaintiffs responded that they would continue to foster Lily and her litter because they believe that Smith's home is still contaminated.

According to plaintiffs, over the next several weeks defendants posted on social media (mainly Facebook) that plaintiffs were housing Lily and Lily's puppies in breach of the foster contract. (*See* NYSCEF No. 6.) Defendants' posts contained personal information, including plaintiffs' address and phone numbers. Plaintiffs allege that defendants' social-media posts prompted third parties to send plaintiffs threatening voicemails and emails, which forced plaintiffs to flee their home. Plaintiffs are currently keeping Lily and her puppies at an undisclosed location.

Plaintiffs bring claims against defendants for defamation per se, intentional infliction of emotional distress, recission of the foster contract between defendants and plaintiffs, and declaratory judgment. Defendants counterclaim for replevin of Lily and her puppies.

On motion sequence 001, plaintiffs move for a preliminary injunction. On motion sequence 003, defendants move for seizure of Lily and her puppies.[1] On motion sequence 004, plaintiffs seek to file a sur-reply on motion sequence 003. Motion 001 is granted in part and denied in part. Motion sequence 003 is granted. Motion sequence 004 is denied.

The motions are consolidated for disposition.

## DISCUSSION

### I. Motion Sequence 001 (Preliminary Injunction to Enjoin Defendants from Posting About Plaintiffs on Social Media)

Plaintiffs move for a preliminary injunction to (1) enjoin defendants from posting personal details about plaintiffs on defendants' social media accounts; (2) enjoin defendants from creating posts advocating harassment and violence against plaintiffs; and (3) require defendants permanently to remove all social-media posts containing personal details (*e.g.*, plaintiffs' home address) about plaintiffs and permanently to remove social-media posts that advocate harassing and violence against plaintiffs. This court granted plaintiffs' accompanying TRO request on April 28, 2025. The TRO required defendants to remove posts from their social-media accounts (whether made by defendants or third parties) that include residential addresses at which

---

[1] On motion sequence 002, defendants moved for a preliminary injunction to enjoin (1) plaintiffs from selling Lily and her puppies; (2) plaintiffs from moving the dogs to another location; and (3) plaintiffs from microchipping or registering the dogs as plaintiffs' own property. (*See* NYSCEF No. 31.) Defendants also sought a TRO. On April 28, 2025, this court denied the TRO and the motion because defendants asserted no underlying counterclaim. (*See id.*)

[* 2]

plaintiffs are living or currently staying and plaintiffs' work or personal telephone numbers. (NYSCEF No. 20.)

A party seeking preliminary injunction must demonstrate "(1) the probability of success on the merits; (2) the danger of irreparable harm in the absence of an injunction; (3) and a balance of equities in its favor." (*Nobu Next Door, LLC v Fine Arts. Hou's., Inc.,* 4 NY3d 839, 840 [2005].)

**1.** Plaintiffs first argue that their defamation per se claim against defendants will succeed on the merits. Defamation per se is a false statement that charges another with a serious crime or injures another in their profession. (*Liberman v Gelstein*, 80 NY2d 429, 429 [1992].)

Plaintiffs claim that defendants have made false and defamatory comments in which defendants accuse plaintiffs of stealing Lily and her litter and putting the dogs' health in danger. Plaintiffs attach screenshots of defendants' posts, which include third parties' comments about plaintiffs. Plaintiffs also attach screenshots of emails and voicemails they received from third parties. Plaintiffs allege that they received these emails and voicemails due to defendants' posts and defendants' failure to correct misinformation spread by third parties. (NYSCEF No. 6.)

The court concludes that plaintiffs are unlikely to succeed on their defamation per se claim. Defendants' social-media posts, which consist of defendants' asking their followers for help finding the dogs, are neither false nor harmful to plaintiffs and therefore not defamatory. Defendants' posts also state that plaintiffs breached their foster agreement—an assertion supported by the agreement itself, which provides that "Lily and her babies" belong to A Good Dog Rescue and that plaintiffs "agree to give Lily and her babies back anytime it is requested by A Good Dog Rescue." (NYSCEF No. 28.) Defendants made a truthful statement that does not support a defamation per se claim.

**2.** Plaintiffs next argue that the foster contract is a contract of adhesion and is therefore unenforceable. [2] According to plaintiffs, a dog-adoption organization does not *own* the dogs in its care. Plaintiffs therefore argue that defendants have no legal right to the dogs and that plaintiffs broke no law in failing to return them. (NYSCEF No. 6.) Plaintiffs provide no basis for its assertion that the foster contract is adhesionary.

Because plaintiffs are not likely to succeed on the merits, the court does reach the questions of irreparable harm and balance of equities. The branch of the plaintiffs' motion to enjoin the defendants from making social-media posts about plaintiffs is denied. The branch of

---

[2] Alternatively, defendants argue that this court lacks jurisdiction over plaintiffs' action, because plaintiffs neither served defendants with a summons and nor filed an affidavit of service on NYSCEF. But defendants filed a notice of appearance on April 10, 2025 (NYSCEF No. 10), and defendants filed an answer with a counterclaim on April 29, 2025 (NYSCEF No. 32). Moreover, defendants never objected to jurisdiction in their notice of appearance or answer. Under CPLR 320 (b), an appearance by defendant generally equates to personal service of the summons upon them, unless defendant raises an objection to jurisdiction. Therefore, this court has jurisdiction over defendants.

3

the motion to require defendants to remove all social-media posts containing plaintiffs' home address(es) and telephone number(s) is granted, however, for the reasons the court stated on the TRO.

## II.     Motion Sequence 003 (Seizure) and Motion Sequence 004 (Surreply)

On motion sequence 003, defendants move for an order (1) directing the immediate surrender or seizure of Lily and her puppies; (2) requiring plaintiffs to provide plaintiffs' address and location of the dogs; and (3) enjoining plaintiffs from selling or offering for sale or from giving away or disposing of the dogs.

On motion sequence 004, plaintiffs' move for leave to file a surreply on motion sequence 003. Plaintiffs attach a proposed surreply to this motion (NYSCEF No. 53.) The court first discusses motion sequence 003, because of the potential effect of the proposed surreply on the outcome of motion sequence 003.

**1.** On motion sequence 004, plaintiffs argue that this court should accept their surreply, primarily because Smith assertedly perjured herself in her affidavit in reply on motion sequence 003. (NYSCEF No. 52 at 2.) Plaintiffs contend that Smith's statements contradict a memorandum of violation, a formal citation by law enforcement notifying someone of a legal violation. (NYSCEF No. 50 at 4 [pdf pagination].) The memorandum details two violations: that defendants were operating a business in a residential district and that defendants were maintaining an unreasonable number of households pets without a special use permit. (*Id.*) Plaintiffs argue that Smith perjured herself when she testified in her affidavit that she had not violated any local laws. Plaintiffs further contend that allowing defendants to have Lily and Lily's litter returned to defendants would violate municipal law.

Defendants submit a letter from a building inspector rescinding the violations. (NYSCEF No. 54.) Defendants argue that they could not have provided copies of the letter at the time of Smith's affidavit; the written documentation was unavailable. Defendants have produced concrete evidence that defendants did not violate those local laws and that Smith did not perjure herself. Accordingly, the motion to file a surreply is denied.[3]

**2.** On motion sequence 003, defendants argue that they are entitled to an order of seizure returning the puppies. Defendants argue that the foster agreement provides that defendants own Lily and her puppies and therefore that they will be successful on their replevin counterclaim. Defendants argue that without an immediate order of replevin, Lily and her puppies will continue to be deprived of critical opportunities for supervised socialization, inoculations, and permanent adoption.

Plaintiffs argue that defendants will fail on the merits. Plaintiffs claim that they have two defenses. First, plaintiffs assert that if plaintiffs return the dogs to defendants, then plaintiffs

---

[3] The court notes that, in any event, consideration of the proposed surreply would not change the disposition of motion sequence 003.

4

would be putting the dogs in danger of Parvovirus exposure. (NYSCEF No. 46.) Second, plaintiffs restate their position that the foster contract is adhesionary.

Under CPLR 7102 (c), an application for an order of seizure must be supported by an affidavit that clearly identifies the chattel to be seized. The affidavit must state (1) that plaintiff is entitled to possess the chattel; (2) that defendant is wrongfully holding the chattel in question; (3) whether an action to recover the chattel has been initiated; (4) the value of each chattel; (5) whether plaintiff wants law enforcement to enter and search for the chattel; (6) whether plaintiff knows of any defense to the claim; and (7) whether plaintiff seeks an order of seizure without notice. (*Id.*)

The court concludes that defendants are likely to succeed on their replevin claim. Lily and her puppies are currently at an undisclosed location. The court is concerned that the dogs might not be receiving necessary medical care or appropriate socialization opportunities. The court also concludes that the equities tip in defendants' favor. The binding foster contract explicitly lists Lily and her puppies as defendants' property. And plaintiffs do not dispute that they voluntarily signed the foster agreement.

Defendants' motion is granted.

Accordingly, it is

ORDERED that the branch of plaintiffs' motion for a preliminary injunction (mot seq 001) is granted to the extent defendants must remove all social-media posts containing plaintiffs' home address(es) and telephone number(s) and is otherwise denied; and it is further

ORDERED that plaintiffs' motion to file a surreply (mot seq 004) is denied; and it is further

ORDERED that the branch of defendants' motion to compel plaintiffs to provide plaintiffs' address and location of the dogs (mot seq 003) is granted; and it if further

ORDERED that the branch of defendants' motion to enjoin plaintiffs from selling or offering for sale or from giving away or disposing of the dogs (mot seq 003) is granted; and it is further

ORDERED that the branch of defendants' motion for seizure is granted (mot seq 003) is granted, and it is further

ORDERED that the Sheriff of any county of the State of New York wherein the chattel is found, upon service on him or her of a certified copy of this order and the papers on which this order was granted, is directed to seize the chattel at issue: Lilly the dog and her eight puppies; and it is further

ORDERED that the parties appear for a telephonic preliminary conference on August 25, 2025; and it is further

5

[* 5]

ORDERED that defendants serve notice of entry on plaintiffs.

**7/25/2025**
**DATE**

HON. GERALD LEBOVITS
J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

6

[* 6]