New York Mar. & Gen. Ins. Co. v Millennia Assur., Inc. (2025 NY Slip Op 04964)

New York Mar. & Gen. Ins. Co. v Millennia Assur., Inc.

2025 NY Slip Op 04964

Decided on September 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 11, 2025

Before: Kern, J.P., Kennedy, Kapnick, Gesmer, Shulman, JJ. 

Index No. 655584/23|Appeal No. 4476|Case No. 2024-00416|

[*1]New York Marine and General Insurance Company, Plaintiff-Appellant,
v
Millennia Assurance, Inc., Defendant-Respondent. American Property Casualty Insurance Association, Amicus Curiae.

Saul Ewing LLP, New York (Marshall O. Dworkin of counsel), for appellant.
Lipsius-Benhaim Law LLP, Kew Gardens (Alexander J. Sperber of counsel), for respondent.
Robinson & Cole LLP, New York (Wystan M. Ackerman of counsel), for amicus curiae.

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered December 7, 2023, which denied the motion of plaintiff New York Marine and General Insurance Company for a preliminary injunction, without prejudice to a motion for summary judgment or plaintiff demonstrating that it is unable to pay a claim, unanimously reversed, on the law, with costs, the motion for a preliminary injunction granted and defendant directed to deposit $4,753,758.02 into the trust account, without prejudice to the defendant moving before the motion court to determine the appropriate amount of any undertaking pursuant to CPLR 6312(b).
In seeking a mandatory injunction requiring defendant to deposit collateral, plaintiff has demonstrated that it is likely to succeed on the merits (see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]). Proof establishing the entitlement to a preliminary injunction "must be by affidavit and other competent proof, with evidentiary detail" (Faberge Intl. v Di Pino, 109 AD2d 235, 240 [1st Dept 1985]) and "likelihood of success on the merits may be sufficiently established even where the facts are in dispute and the evidence is inconclusive" (Four Times Sq. Assoc. v Cigna Invs., 306 AD2d 4, 5 [1st Dept 2003]). Here, plaintiff submitted the affidavit of the vice president of Coaction Management, the servicer for plaintiff. The affidavit explained that plaintiff incurred a statutory Schedule F penalty in 2022 from the state regulator for not having sufficient collateral, resulting in a reduction to its total policyholder surplus and undermining its ability to issue or reinsure federal bonds. The attached "collateral review statement" also shows a deficiency of $4,753,758.02.
Additionally, plaintiff has established the element of irreparable harm (see Nobu Next Door, LLC, 4 NY3d at 840). This Court has previously affirmed the grant of a preliminary injunction requiring the defendant to give the plaintiff funds for collateral where the indemnitor defaulted on its obligation to deposit collateral security (see Atlantic Specialty Ins. Co. v Landmark Unlimited, Inc., 214 AD3d 472, 473 [1st Dept 2023]; see also BIB Constr. Co. v Fireman's Ins. Co. of Newark, N.J., 214 AD2d 521, 523 [1st Dept 1995] ["The damage resulting from the failure to give security is not ascertainable, and the legal remedy is therefore inadequate"] [internal quotation marks omitted]). Although defendant argues that plaintiff is not at risk of being unable to pay claims on the policies ceded to defendant due to plaintiff's abundant surplus, plaintiff's affidavit sufficiently demonstrates that any surplus diminution caused by insufficient collateral has cascading impacts that are difficult to ascertain. Where "calculation of future damages would be unreliable and risky . . . there is the potential for irreparable harm" (Penstraw, Inc. v Metropolitan Transp. Auth., 200 AD2d 442, 442 [1st Dept 1994]).
We have considered defendant's remaining contentions and find them unavailing.
The Decision and Order of this Court entered herein on May 29, 2025 is hereby recalled and vacated (see M-3654 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 11, 2025