■ New York Real Estate Institute, Inc., Appellant, v Charles Edelman, Respondent. [839 NYS2d 488]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered September 15, 2006, which, insofar as appealed from, denied plaintiff's motion for a preliminary injunction barring defendant from participating in any competing real estate school in violation of the parties' agreement not to compete, unanimously reversed, on the law, with costs, the motion granted and the matter remanded for further proceedings.

It is undisputed that, in connection with defendant's December 2003 sale of his Manhattan real estate school to plaintiff, defendant entered into an agreement not to compete on Long Island for two years. Moreover, aside from the legal presumption of irreparable injury from a breach of a noncompetition agreement entered into to protect a buyer's purchase of a business and accompanying goodwill (*Manhattan Real Estate Equities Group LLC v Pine Equity, NY, Inc.*, 16 AD3d 292 [2005]), the parties' agreement specifically so provided and entitled plaintiff to seek and obtain injunctive relief. Nevertheless, despite its finding that plaintiff's "injunction cause of action appears viable," the motion court denied plaintiff's motion for a preliminary injunction on the ground that its unexplained 16-month delay in seeking such relief after it became aware, as early as April 2005, of the facts underlying defendant's alleged breach of the agreement constituted grounds for denial of preliminary injunctive relief. It also found that rather than maintain the status quo, a preliminary injunction at this late date would disrupt the status quo.

However, despite plaintiff's delay in seeking injunctive relief after it had reason to believe that defendant was violating the parties' two-year noncompete agreement, defendant has not claimed or shown that he changed his position or would be prejudiced as a consequence of plaintiff's delay in seeking such

relief. Mere delay, without the necessary elements creating an equitable estoppel, does not preclude the grant of an injunction (*Hay Group v Nadel*, 170 AD2d 398, 399 [1991]), particularly, as in this case, defendant hid his ownership interest in the competing American Real Estate School for the entire two-year duration of the noncompete agreement. Where, as here, a party unilaterally breaches an agreement not to compete and the time period during which competition was precluded has since expired, such time period may be extended for the length of time that the offending party was in violation of the agreement (*cf. J. H. Goldberg Co. v Stern*, 53 AD2d 246, 252 [1976]). Thus, where the status quo is the result of defendant's deception and the balance of equities was in plaintiff's favor, the motion court should have exercised its discretion and granted plaintiff's motion. Concur—Tom, J.P., Andrias, Sullivan, Williams and Gonzalez, JJ. [*See* 15 Misc 3d 1119(A), 2006 NY Slip Op 52589(U).]