■ Barbes Restaurant Inc., Respondent, v ASRR Suzer 218, LLC, Appellant. [33 NYS3d 43]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered November 6, 2015, which granted plaintiff's motion for a preliminary injunction tolling the expiration of a demolition notice served by defendant and enjoining defendant from terminating its tenancy or assessing a penalty for each day that it remains in occupancy, unanimously affirmed, without costs.

Pursuant to a lease and rider dated November 17, 2003, plaintiff leased the one-story commercial space, located at 19-21 East 36th Street in Manhattan (19-21), from defendant's predecessor in interest. Pursuant to a March 31, 2009 modification, the lease term was extended through March 31, 2019. Over the course of its tenancy, plaintiff invested approximately $1,000,000 in improvements to the restaurant that it operates at the premises.

In February 2015, defendant purchased 218 Madison Avenue, which consists of 19-21 and the adjacent five-story building, which has residential space and two commercial tenants. Defendant states that it purchased 218 Madison intending to redevelop it, and that after the purchase it began to consider options which included: (i) demolishing 19-21 and erecting a new structure in its place which would connect to a new structure built on top of the adjacent building and (ii) demolishing both 19-21 and the adjacent building and erecting a new building.

On April 28, 2015, plaintiff was served with a demolition notice, which advised it of defendant's "election to demolish the area of the Building" where its restaurant was located, pursu-

ant to section 79 of the lease rider. Section 79(A) provides in relevant part that "[t]he parties understand and agree that if Landlord has a bona fide intention to demolish or alter the Building or the area of the Building in which the Demised Premises is located, then and in such event Landlord may cancel the unexpired portion of the term of this Lease . . . upon not less than six (6) months prior written notice to Tenant."

Two days prior to the cancellation date of October 31, 2015, plaintiff commenced this action seeking a declaratory judgment as to the legal validity of the demolition notice and the enforceability of section 79 (C) of the lease rider, under which defendant may assess a $5,000 per diem penalty against plaintiff for each day it remains on the premises after the cancellation date. Plaintiff also sought preliminary and permanent injunctive relief.

The grant of the preliminary injunction tolling the cancellation date and the imposition of the $5,000 per diem penalty was not an improvident exercise of discretion (see *Gilliland v Acquafredda Enters., LLC*, 92 AD3d 19, 24-25 [1st Dept 2011]). Plaintiff met its burden of demonstrating "a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor" (*Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005]; CPLR 6301).

To establish a likelihood of success on the merits, "[a] prima facie showing of a reasonable probability of success is sufficient; actual proof of the petitioners' claims should be left to a full hearing on the merits" (*Weissman v Kubasek*, 112 AD2d 1086, 1086 [2d Dept 1985]; see also *Demartini v Chatham Green*, 169 AD2d 689 [1st Dept 1991]). A likelihood of success on the merits may be sufficiently established even where the facts are in dispute and the evidence need not be conclusive (see *Four Times Sq. Assoc. v Cigna Invs.*, 306 AD2d 4, 5 [1st Dept 2003]).

Here, plaintiff established prima facie that, at the time the demolition notice was served, defendant lacked "a bona fide intention to demolish" the building or area of the building where its restaurant was located, as required by section 79 (A) of the lease rider (*Four Times Sq. Assoc.* at 5-6). Up through the commencement of this action, defendant had not filed a demolition application with the Department of Buildings, and, although it had retained architectural and engineering firms to prepare architectural drawings, and had conducted geological and structural tests, its plans were still in the early stages and it was still evaluating different redevelopment options (see

*Oriburger, Inc. v B.W.H.N.V. Assoc.*, 305 AD2d 275, 279 [1st Dept 2003]). Significantly, the drawings on which defendant relies are all dated September 11, 2015, 4½ months after the demolition notice was served.

Plaintiff also demonstrated that it will suffer irreparable harm absent an injunction and that the balance of equities tips in its favor. If a preliminary injunction is not granted, plaintiff's restaurant, situated at a prime retail location, will be closed, its 19 employees will lose their jobs, and plaintiff will lose its substantial investment in improvements (*see Waldbaum, Inc. v Fifth Ave. of Long Is. Realty Assoc.*, 85 NY2d 600, 607 [1995] [forfeiture of "valuable improvements" and the good will built up by the plaintiff at the store location warranted a preliminary injunction]; *Second on Second Café, Inc. v Hing Sing Trading, Inc.*, 66 AD3d 255, 272-273 [1st Dept 2009] ["the loss of the goodwill of a viable, ongoing business" constitutes "irreparable harm warranting the grant of preliminary injunctive relief"]; *FTI Consulting, Inc. v PricewaterhouseCoopers LLP*, 8 AD3d 145, 146 [1st Dept 2004] [loss of goodwill constitutes irreparable harm because it is not "readily quantifiable"]).

While plaintiff waited until the cancellation date was imminent before commencing this action, it explained in its application for injunctive relief that it had not moved earlier because it was waiting to see if defendant would file a demolition plan with the Department of Buildings or negotiate a buyout with the other two commercial tenants of the adjacent building, whose leases did not expire until 2025 and did not contain an early cancellation for demolition clause. It was not unreasonable for plaintiff to wait and see how defendant's demolition plan manifested. Moreover, plaintiff still brought suit prior to the stated cancellation date and there is no evidence that defendant will be prejudiced, since it still appears to be weighing its options.

The balancing of the equities requires the court to determine the relative prejudice to each party accruing from a grant or denial of the requested relief (*see Sau Thi Ma v Xuan T. Lien*, 198 AD2d 186 [1st Dept 1993], *lv dismissed* 83 NY2d 847 [1994]). The harm to plaintiff and its employees outweighs any potential harm to defendant resulting from delays to its redevelopment scheme, which it has not shown to be imminent. A preliminary injunction would "maintain the status quo [pending a hearing on the merits] and prevent the dissipation of property that could render a judgment ineffectual" (*Ruiz v Meloney*, 26 AD3d 485, 486 [2d Dept 2006]).

We have considered defendant's other arguments and find them unavailing. Concur—Sweeny, J.P., Renwick, Andrias, Kapnick and Kahn, JJ.