IHG Mgt. (Maryland) LLC v West 44th St. Hotel LLC (2018 NY Slip Op 04957)





IHG Mgt. (Maryland) LLC v West 44th St. Hotel LLC


2018 NY Slip Op 04957


Decided on July 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2018

Sweeny, J.P., Webber, Kern, Oing, JJ.


655914/17 -7045 7044 7043

[*1]IHG Management (Maryland) LLC, Plaintiff-Respondent,
v
West 44th Street Hotel LLC, Defendant-Appellant, Tishman Asset Corporation, Defendant.


Pryor Cashman LLP, New York (Todd E. Soloway of counsel), for appellant.
Kasowitz Benson Torres LLP, New York (Paul M. O'Connor III of counsel), for respondent.



Orders, Supreme Court, New York County (Eileen Bransten, J.), entered April 10, 2018 and September 19, 2017, which, to the extent appealed from as limited by the briefs, denied defendant West 44th Street Hotel LLC's (owner) motion to dismiss the specific performance cause of action, granted plaintiff's motion for a preliminary injunction, and denied owner's motion to vacate the TRO, unanimously affirmed, without costs.
The court properly denied defendant owner's motion to dismiss the cause of action for specific performance. It is undisputed that the hotel management agreement (HMA) at issue provides for the application of Maryland law, which specifically provides that a court may order specific performance for anticipatory or actual breach or attempted or actual termination of a hotel management agreement (Md Code, Commercial Law §§ 23-102[b]; 23-101[c]). Sections 14.02(d) and (e) of the HMA provide that either party could seek specific performance, where applicable. Defendant owner's argument that personal service contracts such as the HMA cannot be specifically enforced as a matter of constitutional and Maryland law because such enforcement violates the Thirteenth Amendment's prohibition against involuntary servitude is inapposite since, among other things, the owner voluntarily negotiated for and signed the contract. Moreover, the Maryland statute is presumed constitutional and the presumption may be upset only by proof persuasive beyond a reasonable doubt, which is absent here (see Hotel Dorset Co. v Trust for Cultural Resources of City of N.Y., 46 NY2d 358, 370 [1978]).
The court did not improvidently exercise its discretion in granting plaintiff's motion for a preliminary injunction and denying owner's request to vacate the TRO in order to maintain the status quo until a determination was made as to whether plaintiff was in default of its obligations under the HMA. Plaintiff demonstrated a probability of success on the merits, a danger of irreparable injury, and a balance of equities in its favor (see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]; Occupational Health Ctrs. of the Southwest, P.A. v Toney, 2017 WL 1546430, *9, 2017 US Dist LEXIS 64784, *24 [D Md 2017]). "A likelihood of success on the merits may be sufficiently established even where the facts are in dispute, and the evidence need not be conclusive" (Barbes Rest. Inc. v ASRR Suzer 218, LLC, 140 AD3d 430, 431 [1st Dept 2016]).
Pursuant to Maryland law, plaintiff made a prima facie showing that it may be entitled to specific performance of the HMA. The court properly found that ejecting plaintiff from the hotel without a determination of the merits would subject it to irreparable harm in the loss of goodwill and injury to its reputation (see Second on Second Café, Inc. v Hing Sing Trading, Inc., 66 AD3d 255, 272 [1st Dept 2009]; DMF Leasing, Inc. v Budget Rent-A-Car of Md., Inc., 871 A2d 639, [*2]*652 [Md Ct Spec App 2005]).
We have considered owner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 3, 2018
CLERK