Deutsche Bank Natl. Trust Co. v Kirschenbaum (2020 NY Slip Op 01573)





Deutsche Bank Natl. Trust Co. v Kirschenbaum


2020 NY Slip Op 01573


Decided on March 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2020

Gische, J.P., Webber, Gesmer, Kern, JJ.


11223 850262/13

[*1] Deutsche Bank National Trust Company, as Indenture Trustee Under the Indenture Relating to IMH Asset Corps., Collateralized Asset-Backed Bonds, Series 2005-7, Plaintiff-Respondent,
v
Joshua Kirschenbaum, Defendant-Appellant, New York City Parking Violations Bureau, et al., Defendants.


Richland & Falkowski, PLLC, Washingtonville (Daniel Richland of counsel), for appellant.
Blank Rome LLP, New York (Timothy W. Salter of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about July 9, 2019, which, insofar appealed from as limited by the briefs, granted plaintiff's motion for summary judgment against defendant Joshua Kirschenbaum, unanimously reversed, on the law, with costs, and the motion denied.
Plaintiff failed to make a prima facie case that it had physical possession of the note signed by defendant at the time it commenced the instant action in August 2013. No copy of the note was attached to the original foreclosure complaint. Plaintiff relies on an affidavit from an employee of nonparty Ocwen Loan Servicing, LLC, which did not specify the source of the affiant's conclusion that plaintiff was "physically delivered" the original note on September 29, 2005. Ocwen did not become plaintiff's agent until September 2013. While an employee may lay a business record foundation for documents without having personal knowledge of their contents (see Bank of Am., N.A. v Brannon, 156 AD3d 1 [1st Dept 2017]), here no business record is attached that supports the employee's conclusion regarding when plaintiff came into possession of the note. This is insufficient (see Residential Credit Solutions, Inc. v Gould, 171 AD3d 638, 638-643 [1st Dept 2019]; Deutsche Bank Natl. Trust Co. v Guevara, 170 AD3d 603, 603-605 [1st Dept 2019]). Unlike the plaintiffs in Bank of N.Y. Mellon v Knowles (151 AD3d 596 [1st Dept 2017]) and Nationstar Mtge. LLC v Islam (168 AD3d 583 [1st Dept 2019]), plaintiff did not attach a copy of the note to its summons and complaint.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 10, 2020
DEPUTY CLERK