Bruderman Bros., LLC v Goldberg (2021 NY Slip Op 02218)





Bruderman Bros., LLC v Goldberg


2021 NY Slip Op 02218


Decided on April 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 08, 2021

Before: Webber, J.P., Mazzarelli, González, Mendez, JJ. 


Index No. 656979/19 Appeal No. 13546 Case No. 2020-04258 

[*1]Bruderman Brothers, LLC, et al., Plaintiffs-Respondents,
v
Gary M.Goldberg, Defendant-Appellant.


Fox Rothschild LLP, New York (Marc J. Gross of counsel), for appellant.
Duane Morris LLP, New York (Mario Aieta of counsel), for respondents.



Order, Supreme Court, New York County (Louis L. Nock, J.), entered October 21, 2020, which, insofar as appealed from as limited by the briefs, granted plaintiffs' motion for a preliminary injunction in aid of arbitration, unanimously affirmed, with costs.
The motion court providently exercised its discretion in granting the preliminary injunction (see Doe v Axelrod, 73 NY2d 748, 750 [1988]; Ciminello Prop. Assoc. v New 970 Colgate Ave. Corp., 173 AD3d 447, 448 [1st Dept 2019]). Plaintiffs met their burden of showing a probability of success on the merits (see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]; Barbes Rest. Inc. v ASRR Suzer 218, LLC, 140 AD3d 430, 431 [1st Dept 2016]). On the existing record, and in the context of the underlying transaction, in which defendant sold his investment brokerage and advisory business for a significant sum, and agreed to work for plaintiffs for five years for further substantial consideration, it cannot be said that the governing agreements' restrictive covenants, and in particular the noncompete provision, were overbroad, as restraints on trade (see Mohawk Maintenance Co. v Kessler, 52 NY2d 276, 284-285 [1981]), or in geographical or temporal scope (see New York Real Estate Inst., Inc. v Edelman, 42 AD3d 321 [1st Dept 2007]). Under the circumstances, an adjudicator could likewise find that defendant's services were unique or extraordinary for purposes of enforcement of the noncompete provision (see Henson Group, Inc. v Stacy, 66 AD3d 611, 612 [1st Dept 2009]; Crown IT Servs., Inc. v Koval-Olsen, 11 AD3d 263, 264-265 [1st Dept 2004]).
Defendant's contentions that plaintiffs breached the agreements at most raise issues of fact in response to plaintiffs' prima facie showing of justification for terminating him (see Barbes Rest. Inc., 140 AD3d at 431; Four Times Sq. Assoc. v Cigna Invs., 306 AD2d 4, 5 [1st Dept 2003]). Issues of fact correspondingly exist as to which party was in breach. The motion court thus providently exercised its discretion in favor of preserving the status quo with a preliminary injunction, pending definitive resolution by the arbitrator of the parties' claims, including the issues of breach (see Republic of Lebanon v Sotheby's, 167 AD2d 142, 145 [1st Dept 1990]; Congregation Erech Shai Bais Yosef, Inc. v Werzberger, 189 AD3d 1165, 1167 [2d Dept 2020]).
Furthermore, defendant's contention that the motion court erred in granting the preliminary injunction pending the arbitration, rather than limiting it to the term provided in the agreements, is also unavailing. The agreements themselves provide that, in the event of any violation of the restrictive covenants, the restricted periods "will toll and will continue thereafter to run from the first date on which the violation has ceased." Hence, it will be up to the arbitrator to determine which party breached, and
for how long, and the duration of the resulting toll of the restrictive covenants, if any (see New York [*2]Real Estate Inst., 42 AD3d at 322). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 8, 2021