Fisher v Hauman (2022 NY Slip Op 02223)

Fisher v Hauman

2022 NY Slip Op 02223

Decided on April 05, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 05, 2022

Before: Webber, J.P., Singh, González, Kennedy, Higgitt, JJ. 

Index No. 654717/21 Appeal No. 15668-15669-15670-15670A Case No. 2021-04109, 2021-04337 2021-04715 2021-04716 

[*1]Miasha Fisher, Plaintiff-Respondent,
v
Constance Hauman et al., Defendants-Appellants.

Law Office of Richard A. Altman, New York (Richard A. Altman of counsel), for appellants.
Moses & Singer, New York (Daniel Hoffman of counsel), for respondent.

Order, Supreme Court, New York County (Laurence Love, J.), entered on or about November 16, 2021, which denied defendants' motion to disqualify plaintiff's counsel, unanimously affirmed, without costs. Orders, same court and Justice, entered November 8, 2021 and November 29, 2021, which continued a temporary restraining order (TRO) that had previously been entered by the court, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about November 16, 2021, where the court declined to sign an order to show cause seeking an undertaking with respect to the TRO, unanimously dismissed, without costs, as taken from a nonappealable order.
The court correctly determined that defendants did not meet their heavy burden of establishing that plaintiff's counsel must be disqualified (Mayers v Stone Castle Partners, LLC, 126 AD3d 1, 5-6 [1st Dept 2015]). There are no indicia of a prior attorney-client relationship between defendants and plaintiff's counsel, who has always represented plaintiff alone. The retainer agreement between plaintiff and her counsel, executed in 2017, provided that the representation was of plaintiff. The fact that plaintiff's counsel reviewed and discussed band-related agreements with defendants while they were working for plaintiff does not change this result (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 562 [2009]). Defendants' assertion that they employed plaintiff is contrary to the record.
Nor is there any basis for reversing the orders that extended the TRO. "The decision to grant or deny provisional relief, which requires the court to weigh a variety of factors, is a matter ordinarily committed to the sound discretion" of the court (Doe v Axelrod, 73 NY2d 748, 750 [1988]). The court did not improvidently exercise its discretion in granting and extending the TRO here, where defendants were utilizing and filed a trademark application for the band's name, and where defendants refused to return the band's money that plaintiff had entrusted to them. The court was also within its discretion in concluding that the TRO should be extended and remain in effect pending determination of defendants' disqualification motion (which they chose to file at the outset of the case) and a full adjudication on the preliminary injunction motion, which has now been fully submitted and argued to the court.
Nor did the court improvidently exercise its discretion in continuing the TRO without an undertaking. At the outset, no appeal lies from an order declining to sign an order to show cause, since it is an ex parte order that was not decided by a motion made on notice (Chi Young Lee v Osorio, 184 AD3d 417, 417 [1st Dept 2020]; CPLR 5701[a][2]). Accordingly, defendants' appeal from the November 16 order is dismissed. Regardless, the court has broad discretion with respect to whether to require an undertaking, and there has been no improvident exercise of discretion in failing to require one here[*2](CPLR 6313[c]; Sibersky v Winters, 42 AD3d 402, 405 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 5, 2022