## Clarke Contr. LLC v Promethean Bldrs. LLC

2024 NY Slip Op 33855(U)

October 28, 2024

Supreme Court, New York County

Docket Number: Index No. 656229/2023

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. LYLE E. FRANK

*Justice*

| | |
|---|---|
| PART | 11M |

-------------------------------------------------------------------------------X

CLARKE CONTRACTING LLC,

Plaintiff,

- v -

PROMETHEAN BUILDERS LLC,ROBERT J. HUBNER,

Defendant.

-------------------------------------------------------------------------------X

PROMETHEAN BUILDERS LLC, ROBERT HUBNER

Plaintiff,

-against-

MICHAEL CLARKE, JC ELITE CONSTRUCTION SERVICES, LLC

Defendant.

-------------------------------------------------------------------------------X

INDEX NO.          656229/2023

MOTION DATE        09/26/2024

MOTION SEQ. NO.        004

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595259/2024

The following e-filed documents, listed by NYSCEF document number (Motion 004) 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 97, 98, 99, 100, 101, 102

were read on this motion to/for        INJUNCTION/RESTRAINING ORDER        .

Upon the foregoing documents, movant's motion for a preliminary injunction is denied.

The underlying case for this motion involves disputes over allegedly unpaid promissory notes. One of the parties is a construction company founded by two childhood friends, the defendant/counterclaim plaintiff/third-party plaintiff Promethean Builders LLC ("Promethean"). Robert J. Hubner ("Hubner") is the sole Managing Member of Promethean, but there are certain actions that the company cannot take without the permission of Clarke Contracting LLC ("Clarke Contracting"), a business entity run by Hubner's childhood friend and the plaintiff/third-party defendant Michael Clarke ("Clarke"). One of those actions requiring

656229/2023   CLARKE CONTRACTING LLC vs. PROMETHEAN BUILDERS LLC ET AL
Motion No.  004

Page 1 of 4

permission from Clark Contracting, as laid out in the Operating Agreement for Promethean, is the borrowing of funds. Promethean is currently attempting to extend an existing line of credit with Kearny Bank, but Clarke Contracting is not willing to grant permission.

Promethean brings the present motion requesting the Court to enter an order stating that Hubner is permitted to borrow funds for Promethean without the consent of Clarke Contracting. Clarke Contracting opposes. For the reasons that follow, the motion is denied.

## Standard of Review

A preliminary injunction is an "extraordinary provisional remedy" that will only be granted when the "proponent demonstrates (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) a balance of equities tipping in its favor." *Harris v. Patients Med., P.C.*, 169 A.D.3d 433, 434 (1st Dept. 2019).

## Discussion

It is not disputed that the Operating Agreement gives Clarke Contracting full discretion to sign off on the borrowing of funds. Promethean argues that their preliminary injunction request is narrowly tailored and that Clarke Contracting acted unreasonably in not granting permission for Promethean to extend the line of credit. Clarke Contracting argues that Promethean has not met their burden on the three prongs of the preliminary injunction standard. They also argue that because Promethean is refusing to provide Clarke Contracting with financial disclosure post-March 31, 2024, Clarke Contracting is not acting unreasonably in declining to assume the risk of signing onto the credit extension.

Promethean argues that the company needs to extend an operating line of credit, that failure to sign on the extension is a breach of Clarke's fiduciary duties to Promethean, and that as a result of the failure to obtain Clarke's signature, "the Company may be unable to continue as a

[* 2]

going concern." In opposition, Clarke Contracting points out that Michael Clarke is a personal guarantor on the line of credit in question. Because of this, Clarke is hesitant to sign on the credit extension so long as Promethean refuses to keep him up to date on the company's financial situation. Clarke also request a description with particularity of the proposed uses of the additional funds, a request that is likewise denied.

Because here Promethean cannot show that likelihood of success on the merits nor balance of the equities. As such, the Court does not need to reach the third prong, that of irreparable harm. The third prong of the preliminary injunction standard "requires the court to determine the relative prejudice to each party accruing from a grant or denial of the requested relief." *Barbes Rest. Inc. v. ASRR Suzer 218, LLC*, 140 A.D.3d 430, 432 (1st Dept. 2016). Here, the balance clearly does not favor movant Promethean. To require Clarke and Clarke Accounting to take on personal guaranty for the borrowing of new funds, when Promethean refuses to share important financial information regarding the company's need for and proposed uses of the new funds, is unequitable. While there is the potential for prejudice to the smooth running of Promethean if it is unable to obtain adequate funds, it has not been established to any certainty. The balance of equities here clearly tips in favor of the non-movant. As to this Court, these facts, along with the fact that there is a provision in the agreement between the parties that requires that Clarke needs to sign off on this financing, the Court finds that Promethean has not established that it is likely to succeed on the merits in this application either. Accordingly, it is hereby

ADJUDGED that defendants/counterclaim plaintiffs/third-party plaintiffs' motion for a preliminary injunction is denied.

20241028111232LFRANK1F8F8750222F41448FC61708BA8B6C9E

__10/28/2024__
__DATE__

__LYLE E. FRANK, J.S.C.__

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |