| |
|---|
| **Bleich v Board of Mgrs. of 13 Harrison St. Condominium** |
| 2025 NY Slip Op 30182(U) |
| January 17, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 155721/2024 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     HON. MARY V. ROSADO          PART          33M

                                    *Justice*

------------------------------------------------------------------X

MICHAEL BLEICH, ALEXIS BLEICH,                           INDEX NO.          155721/2024

                          Plaintiff,                    MOTION DATE        06/21/2024

                                                        MOTION SEQ. NO.        001
          - v -

THE BOARD OF MANAGERS OF 13 HARRISON STREET
CONDOMINIUM, 13 HARRISON LLC,ARNULF DAMERAU,            **DECISION + ORDER ON**
JOHN DOES 1-5                                                 **MOTION**

                          Defendant.

------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 9, 27, 28, 39, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 94, 95, 96, 97, 98, 99, 100, 101

were read on this motion to/for          INJUNCTION/RESTRAINING ORDER          .

Upon the foregoing documents, and after a final submission date of September 19, 2024, Plaintiffs Michael and Alexis Bleich ("Plaintiffs") order to show cause seeking a preliminary injunction is granted in part and denied in part.

## I.     Background

This case involves a long-running dispute between Plaintiffs and Defendants regarding a building located at 13 Harrison Street, New York, New York (the "Building"). The Building is a condominium and Plaintiffs live in Unit 1, which has a 25% common interest while 13 Harrison LLC (the "LLC") owns Unit 2, which has a 75% common interest. Defendant Arnulf Damerau allegedly is the sole member of 13 Harrison LLC, and as president of the Board, seeks to alter the Building's roof to create additional residential space for Unit 2. The renovation requires removal of HVAC equipment that provides ventilation, heating and air conditioning to Unit 1. Plaintiffs

now seek a preliminary injunction preventing the alteration project from going forward and alleges various breaches of fiduciary duties.

## II. Discussion

### A. Standard

A preliminary injunction is an extraordinary provisional remedy requiring a special showing, including a likelihood of ultimate success on the merits, irreparable injury if the preliminary injunction is withheld, and a balance of the equities tipping in favor of the moving party (*Second on Second Café, Inc. v Hing Sing Trading, Inc.*, 66 AD3d 255 [1st Dept 2009]).

### B. Likelihood of Success

The Court finds that there has been a sufficient showing of a likelihood of success on the merits to weigh in favor of granting a limited preliminary injunction (*see Barbes Restaurant Inc. v ASRR Suzer 218,* LLC, 140 AD3d 430 [1st Dept 2016]). The crux of this motion deals with the removal of the HVAC Unit servicing Plaintiffs' unit. However, as proffered by Defendants, and unrefuted by Plaintiffs, the HVAC Unit servicing Plaintiff's unit does not have a permit and is in violation of DOB regulations. Article VI § 11(d) of the By-Laws prohibit the unlawful use of the Building and requires the observance of "all valid laws, zoning ordinances and regulations of all governmental bodies having jurisdiction." (NYSCEF Doc. 8). The by-laws dictate that "violations of laws, orders, rules, regulations or requirements of any governmental agency having jurisdiction thereof…shall be eliminated, by and at the sole expense of the Unit Owners, or the Board of Managers…". Because the HVAC Unit is operating without a permit and in violation of DOB regulations, it is within the Board of Managers' right to remove it.

Moreover, the Declaration at § 6(b)(1) lists the "main roof area" as a limited common element which "shall be exclusively used and maintained by the owner of the Unit 2" and explicitly

155721/2024   BLEICH, MICHAEL ET AL vs. THE BOARD OF MANAGERS OF 13 HARRISON
STREET CONDOMINIUM ET AL
Motion No. 001

Page 2 of 6

2 of 6

states "said Unit Owner may modify the roof at their own expense, if allowed by law." (NYSCEF Doc. 4). Therefore, the Court finds that it is within the Board's authority to remove the HVAC Unit and the LLC's planned renovation project is authorized.

However, the Court is most concerned with Plaintiffs' breach of fiduciary duty claims. The First Department has held that condominium boards owe owners fiduciary duties (*LiNQI, LLC v 170 East End Condominium*, 221 AD3d 409 [1st Dept 2023]). The Court takes issue with the Board allowing an unpermitted HVAC to exist for over a decade, and only now seeking to remove it for the benefit of the 75% owner of the condominium's renovation project (*see also Onetti v Gatsby Condominium*, 111 AD3d 496, 497 [1st Dept 2013] [board has duty to repair and maintain "common elements"]). There is other evidence that Defendants may have breached their fiduciary duty to Plaintiffs, who are the only other owners in the Building. Namely, Defendants allegedly used their majority interest to exclude Plaintiffs from the Board, failed to notify them of Board meetings or provide meeting minutes, and allegedly allowed the LLC to use Unit 2 as an unleased housing accommodation for Mr. Damerau's employees in violation of Article III, Section 8 of the By-laws. Thus, because there is some evidence that Plaintiffs may succeed on their breach of fiduciary duty claims, this factor weighs in favor of a preliminary injunction.

## C. Irreparable Injury

Plaintiffs have shown irreparable injury. Plaintiffs have demonstrated that their sole source of heating, ventilation and air conditioning for their Unit is their HVAC installed on the roof. If it is removed without a proper substitute, the Plaintiffs will be deprived of the use and enjoyment of their home in a way that damages cannot adequately redress (*Silverman v Park Towers Tenants Corp.*, 206 AD3d 417 [1st Dept 2022] citing *Errant Gene Therapeutics, LLC v Sloan-Kettering Inst. For Cancer Research*, 174 AD3d 473, 476 [1st Dept 2019]).

**155721/2024   BLEICH, MICHAEL ET AL vs. THE BOARD OF MANAGERS OF 13 HARRISON**                    **Page 3 of 6**
**STREET CONDOMINIUM ET AL**
**Motion No. 001**

3 of 6

### D. Balance of the Equities

Finally, the Court finds the equities tip in Plaintiffs' favor. Here, the harm faced by Plaintiff, namely that they may be frozen out of their Unit in the middle of winter, outweighs the harm to Defendants resulting from a minor delay to their renovation scheme (*Barbes Restaurant Inc. v ASRR Suzer 218, LLC*, 140 AD3d 430 [1st Dept 2016]). Indeed, as represented by counsel for Defendants, Mr. Damerau, the President of the Board, does not even live in Unit 2, let alone the United States. It would be inequitable to allow the renovation of Unit 2, which is not owner occupied, to move forward at the expense of a family living in Unit 1 by depriving them of air conditioning, ventilation, and heating.

However, as the HVAC is being operated without a permit, and according to the Bylaws and Declaration the Board is obligated to remedy any condition that is in violation of any law or regulation, the Court grants the preliminary injunction on the following limited and conditional terms:

First, the parties must cooperate with one another in good faith to find a replacement source of heating, cooling, and ventilation for Unit 1 immediately, which will allow Unit 1 to be provided heating and cooling during the renovation project.

Second, upon installation of a replacement source of heating, cooling, and ventilation for Unit 1, the violation stemming from the unpermitted HVAC Unit belonging to Unit 1 on the roof shall be remedied.

Third, the renovation project which is the subject of this motion is enjoined from taking place until Unit 1 has secured adequate heating and cooling, subject to approval by this Court. After this Court is satisfied that Unit 1 will not suffer any disruption to heating or cooling during the

155721/2024  BLEICH, MICHAEL ET AL vs. THE BOARD OF MANAGERS OF 13 HARRISON STREET CONDOMINIUM ET AL
Motion No. 001

Page 4 of 6

renovation project, the Court will lift the injunction prohibiting the renovation project from moving forward.

Accordingly, it is hereby,

ORDERED that Plaintiffs Michael and Alexis Bleich's motion seeking a preliminary injunction is granted in part and denied in part upon the following limited conditions; and it is further

ORDERED that Defendants are enjoined from removing, shutting off, tampering with, or relocating the HVAC equipment that provides heating, ventilation, and air conditioning to Plaintiffs' residential unit, Unit 1, at the condominium building located at 13 Harrison Street, New York, New York, and are enjoined from taking any further steps to implement, proceed with, or begin construction of any of the alterations of or on the roof of Unit 2 and the condominium building located at 13 Harrison Street, New York, New York, until a replacement source of heating, cooling, and ventilation for Unit 1 is identified and installed; and it is further

ORDERED that the parties are directed to begin cooperating, in good faith, to immediately begin identifying a replacement source of heating, cooling, and ventilation for Unit 1, which will allow Unit 1 to be heated, cooled, and ventilated during the proposed renovation project at 13 Harrison Street, New York, New York, Unit 2; and it is further

ORDERED that this injunction may be lifted or modified upon application to the Court by either party once an adequate replacement for the heating, ventilation, and air conditioning for Unit 1 has been identified and installed; and it is further

**155721/2024  BLEICH, MICHAEL ET AL vs. THE BOARD OF MANAGERS OF 13 HARRISON STREET CONDOMINIUM ET AL**  **Page 5 of 6**
**Motion No. 001**

ORDERED that within ten days of entry, counsel for Plaintiffs shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| __1/17/2025__ | | | | | |
| DATE | | | | _M₄, V Roꜩ JSC_ | |
| | | | | HON. MARY V. ROSADO, J.S.C. | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER | |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

155721/2024   BLEICH, MICHAEL ET AL vs. THE BOARD OF MANAGERS OF 13 HARRISON STREET CONDOMINIUM ET AL
Motion No. 001

Page 6 of 6

[* 6]