DKC Group Holdings, LLC v Reece Inc. (2025 NY Slip Op 01597)

DKC Group Holdings, LLC v Reece Inc.

2025 NY Slip Op 01597

Decided on March 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 18, 2025

Before: Webber, J.P., Friedman, González, Scarpulla, Michael, JJ. 

Index No. 655014/24|Appeal No. 3920|Case No. 2024-07086|

[*1]DKC Group Holdings, LLC et al., Plaintiffs-Respondents,
v
Reece Inc. Formerly Known as MORSCO, Inc., Defendant-Appellant.

DLA Piper LLP (US), New York (Garrett D. Kennedy of counsel), for appellant.
Rottenberg Lipman Rich, P.C., New York (Thomas E. Chase of counsel), for respondents.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about October 25, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for a preliminary injunction to the extent of enjoining defendant and its affiliates from directly soliciting any of plaintiffs' directors, officers, or employees and using its confidential information, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in granting the narrowly tailored preliminary injunction, as plaintiffs demonstrated a likelihood of success on the merits, irreparable injury without the injunction, and a balance of the equities in their favor (see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]; BDC Mgt. Servs., LLC v Singer, 144 AD3d 597, 597 [1st Dept 2016]). Plaintiffs showed prima facie that the cause of action for breach of the nonsolicitation provision in the parties' agreement has a reasonable probability of success given the enforceability of the provision and plaintiffs' showing that defendant directly solicited plaintiff Dana Kepner Company, LLC's employees (see Asprea v Whitehall Interiors NYC, LLC, 206 AD3d 402, 403 [1st Dept 2022]; see also BDC Mgt. Servs., 144 AD3d 597, 597-598 [1st Dept 2016]). Plaintiffs also demonstrated that they would suffer irreparable injury from the continued loss of its employees, which would cause further disruption to plaintiffs' business and loss of goodwill (see Advent Software, Inc. v SEI Global Servs., Inc., 195 AD3d 498, 499 [1st Dept 2021]). In addition, plaintiffs showed that they would suffer greater harm if defendant continued to solicit their employees or use their confidential information (see Barbes Restaurant Inc. v ASRR Suzer 218, LLC, 140 AD3d 430, 432 [1st Dept 2016]). The court properly narrowed the scope of the injunction to prevent any harm to plaintiffs' remaining employees or to defendant (see Asprea, LLC, 206 AD3d at 403).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2025