| |
|---|
| **Gun Hill Assoc. L.L.C. v New York City** |
| 2026 NY Slip Op 30981(U) |
| March 16, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 151482/2026 |
| Judge: Kathy J. King |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    **HON. KATHY J. KING**                    PART            **06**

                                    *Justice*

------------------------------------------------------------------X
                                                      INDEX NO.        151482/2026

GUN HILL ASSOCIATES L.L.C.,
                                                      MOTION DATE      02/06/2026
                        Plaintiff,
                                                      MOTION SEQ. NO.      001
          - v -

NEW YORK CITY, and NEW YORK CITY DEPARTMENT OF           **DECISION + ORDER ON**
HOUSING PRESERVATION AND DEVELOPMENT,                           **MOTION**

                        Defendants.

------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 27, 28, 29, 30, 31, 32, 34

were read on this motion to/for          _____ INJUNCTION/RESTRAINING ORDER _____ .

Upon the foregoing documents and after oral arguments, Plaintiff Gun Hill Associates LLC ("Plaintiff") moves for an Order, pursuant to CPLR 6311 and 6313, granting a temporary restraining order (TRO) and preliminary injunction. Plaintiff seeks to enjoin Defendants from performing emergency repairs or seeking access orders related to the Notices of Violation (NOV) issued by the NYC Department of Housing Preservation and Development (HPD) on or about August 13, 2025, for Apartment "EGROUN" at 250 East Gun Hill Road, Bronx, New York.

Defendants oppose Plaintiff's motion.

### BACKGROUND

On August 12, 2025, HPD received a 311-complaint reporting peeling paint in a residential unit at 250 East Gun Hill Road, Bronx, where a child under the age of six (R.H.) reportedly resides. An HPD inspection the following day utilized X-ray fluorescence (XRF) testing to identify six lead-based paint hazards, leading to the issuance of six Class C "immediately hazardous" NOV on

[* 1]

August 18, 2025. These NOVs were served upon the registered managing agent with a correction deadline of September 11, 2025.

Plaintiff failed to certify the corrections, request a postponement, or submit documentation to dispute the findings. Following a December 9, 2025, re-inspection which confirmed that the hazards remained uncorrected and peeling, HPD initiated an Open Market Order to conduct emergency repairs.

Plaintiff commenced this action on February 3, 2026, and moved for a preliminary injunction on February 6, 2026. A TRO was granted on February 10, 2026, staying the repairs pending the resolution of this motion.

Defendants oppose Plaintiff's motion for a Preliminary Injunction.

## LEGAL STANDARD

To prevail on a motion for a preliminary injunction, the moving party must establish: 1) A likelihood of ultimate success on the merits; 2) The prospect of irreparable injury if the provisional relief is withheld; and 3) A balance of equities tipping in the moving party's favor (*See Doe v Axelrod*, 73 NY2d 748, 750 [1988]; *Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005]; *Atlantic Specialty Ins. Co. v Landmark Unlimited, Inc.*, 214 AD3d 472 [1st Dept 2023]).

To show a likelihood of success on the merits, the movant must make a prima facie showing of a right to relief (*see* CPLR 6312[c]; *see also Barbes Rest. Inc. v ASRR Suzer 218, LLC*, 140 AD3d 430, 431 [1st Dept 2016]). The threshold inquiry is whether the proponent has tendered sufficient evidence demonstrating ultimate success in the underlying action (*Doe*, 73 NY2d at 750–751).

**151482/2026  GUN HILL ASSOCIATES L.L.C. vs. NEW YORK CITY ET ANO**
Motion No.  001

Page 2 of 5

2 of 5

Irreparable injury is a harm for which there is no adequate remedy at law, such as monetary damages (*see Gidron v Gidron*, 181 AD3d 456, 458 [1st Dept 2020]). The harm must be "actual and imminent, not speculative or remote" (*see HRH Constr. LLC v. Freeford Props., LLC*, 122 AD3d 509, 510 [1st Dept 2014]). If the injury can be compensated by money alone, a preliminary injunction is generally inappropriate (*Credit Agricole Indosuez v Rossiyskiy Kredit Bank*, 94 NY2d 541, 544 [2000]).

Lastly, the court must weigh the harm the plaintiff would suffer if the injunction were denied against the harm the defendant would suffer if the injunction is granted (*see Nobu Next Door*, 4 N.Y.3d at 840). The movant must show that the irreparable injury they face is more burdensome than any hardship the injunction would impose on the non-moving party (*see Barbes Rest. Inc.*, 140 AD3d at 432).

## DISCUSSION

In the instant matter, Plaintiff fails to establish a likelihood of success on the merits as the underlying claims appear to be time-barred[1] (*see Doe v Axelrod*, 73 NY2d 748, 750 [1988]). While Plaintiff brought this matter as a plenary action for injunctive relief, it is well-settled that where a party challenges a "final and binding" determination of an administrative agency, the four-month statute of limitations for a CPLR Article 78 proceeding applies, regardless of the form in which the action is pleaded (*see Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 202 [1987]; *see also CPLR 217[1]*).

Additionally, the record reflects that HPD issued the subject NOV in August 2025. The deadline to administratively dispute these violations expired in September 2025, and the four-

---

[1] Although the Defendants have raised the statute of limitations as a basis for denying the requested injunctive relief, no formal cross-motion to dismiss has been filed. Accordingly, the Court's analysis of the timeliness of this action is limited to the "likelihood of success on the merits" prong of the preliminary injunction standard and does not constitute a final summary determination of the action.

151482/2026  GUN HILL ASSOCIATES L.L.C. vs. NEW YORK CITY ET ANO
Motion No. 001

Page 3 of 5

3 of 5

[* 3]

month window to commence a judicial challenge under Article 78 closed in January 2026. Because Plaintiff did not commence this action until February 2026, the claims are likely barred by the statute of limitations. Consequently, Plaintiff cannot demonstrate a "clear right" to the ultimate relief sought (*see Related Props., Inc. v Town Bd. of Town/Vil. of Harrison*, 22 AD3d 587, 590 [2d Dept 2005]).

Significantly, HPD has provided XRF analyzer results and photographic evidence from December 2025 identifying peeling lead-based paint, coupled with 311 records identifying a child (R.H.) residing in the unit. In lead-paint hazard cases, an agency does not act arbitrarily or capriciously when it "errs on the side of caution" to protect children (*see Matter of 601 Realty Corp. v. City of N.Y. Dept. of Health*, 269 AD2d 268 [1st Dept 2000]). Given this evidentiary showing, Plaintiff has failed to establish a likelihood of success on the merits.

Plaintiff also fails to demonstrate irreparable harm as set forth by the caselaw. It is well settled that "economic loss, which is compensable by money damages, does not constitute irreparable harm" (*see Gidron v Gidron*, 181 AD3d 456, 458 [1st Dept 2020]). Plaintiff's alleged injuries—the cost of abatement or the potential billing for HPD-contracted repairs—are strictly financial in nature. As Plaintiff maintains the right to challenge the propriety of such costs in a subsequent administrative or judicial hearing, there is an adequate remedy at law, and the "extraordinary" remedy of a preliminary injunction is unwarranted (*see Credit Agricole Indosuez v Rossiyskiy Kredit Bank*, 94 NY2d 541 [2000]).

Finally, the Court finds that the balancing of the equities tips decisively in favor of the Defendants. Plaintiff's interest is primarily economic, whereas HPD is acting pursuant to a statutory mandate to protect the public health—specifically the safety of a minor from the irreversible effects of lead exposure (*see NYC Administrative Code 27-2056.6*). The First

151482/2026   GUN HILL ASSOCIATES L.L.C. vs. NEW YORK CITY ET ANO
Motion No. 001

Department has held that the public interest in safety outweighs a landlord's interest in avoiding repair costs (*see Manyam v. Sona Dev. Corp.*, 201 A.D.3d 424 [1st Dept. 2022]). To grant an injunction here would stay the remediation of a documented health hazard, creating a risk to the occupant that far outweighs the financial inconvenience to the Plaintiff.

Accordingly, it is hereby

**ORDERED** that Plaintiff's motion is denied; and it is further

**ORDERED** that any and all temporary restraining orders or stays previously issued by this Court pending the determination of this motion, including the TRO granted on February 10, 2026, are hereby vacated; and it is further

**ORDERED** that Defendants shall serve a copy of this Order with Notice of Entry upon the Plaintiff within 20 days of the date of this Order.

This constitutes the Decision and Order of the Court.

| 3/16/2026 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | KATHY J. KING, J.S.C. | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | X NON-FINAL DISPOSITION | |
| | ☐ GRANTED | X DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**151482/2026   GUN HILL ASSOCIATES L.L.C. vs. NEW YORK CITY ET ANO**
Motion No. 001

Page 5 of 5