T-Mobile USA, Inc. v Broadcom Inc.

2026 NY Slip Op 02226

April 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

T-Mobile USA, Inc., Plaintiff-Respondent,

v

Broadcom Inc. as Successor-in-Interest to VMware, Inc., et al., Defendants-Appellants.

Decided and Entered: April 14, 2026

Index No. 654741/25|Appeal No. 6374|Case No. 2025-06762|

Before: Webber, J.P., Gesmer, Mendez, Pitt-Burke, Hagler, JJ.

Hueston Hennigan LLP, New York (Alison L. Plessman of counsel), for appellants.

ArentFox Schiff LLP, New York (Brian Farkas of counsel), and ArentFox Schiff LLP, Chicago, IL (Lawrence H. Heftman of the bar of the State of Illinois, admitted pro hac vice, of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered October 2, 2025, which, to the extent appealed from, granted plaintiff's motion for a preliminary injunction and set the amount of the undertaking at $500,000, unanimously modified, on the law and the facts, to remand for further proceedings regarding the undertaking, and otherwise affirmed, without costs.

Plaintiff commenced this action alleging, among other things, breach of contract related to its attempt to exercise its contractual right to a one-year extension of software support services from defendants. The court granted, in part, defendants' motion to compel arbitration. The court also granted plaintiff's motion for a preliminary injunction, which is the subject of this appeal.

Initially, the parties' master software license and support agreement (Agreement) unambiguously gives either party the right to obtain a preliminary injunction from the court "to preserve the status quo pending arbitration."

The court providently exercised its discretion by granting the injunction (see Fisher v Hauman, 204 AD3d 406 [1st Dept 2022]; Doe v Dinkins, 192 AD2d 270, 275 [1st Dept 1993]). Plaintiff sufficiently established a likelihood of success on the merits (see Barbes Rest. Inc. v ASRR Suzer 218, LLC, 140 AD3d 430, 431 [1st Dept 2016]). The parties' Enterprise Order states, "In the event of a conflict or inconsistency [with the Agreement, which contains the End of Availability provision], the terms of [the] Enterprise Order will prevail with regards to such conflict or inconsistency." It further states that plaintiff "may renew the Covered Offerings [which include Support Services for Perpetual Software] for one additional year by paying the Renewal Fees directly to [defendant VMware, Inc.] prior to the expiration of the entitlement to the Covered Offerings."

Plaintiff established irreparable injury if defendants stopped providing support services altogether. It does not avail defendants to argue that plaintiff could have accepted one of their proposals for continued services, and, if plaintiff prevailed in arbitration, recover as damages the extra amount it had to pay defendants. While "[d]amages compensable in money and capable of calculation are not irreparable" (J.S.I.K. Intl. LLC v Schuster, 225 AD3d 472, 473 [1st Dept 2024] [internal quotation marks and ellipsis omitted]), the verified complaint alleges that the "additional . . . products and services" that defendant Broadcom Inc. tried to force plaintiff to buy "are . . . , in some instances, incompatible with [its] existing infrastructure." Hence, plaintiff should not be forced to accept one of Broadcom's proposals.

[*2]

Defendants contend that plaintiff will not be irreparably harmed absent an injunction because it can obtain the source code pursuant to section 5.2 of the Agreement's Software License and Maintenance and Support Services Attachment. However, unlike the provision in Matter of Part 60 Put-Back Litig. (36 NY3d 342, 349-350, 352 [2020]) — which case, in any event, involved neither a preliminary injunction nor irreparable injury — section 5.2 is not a sole or exclusive remedy. We also reject defendants' argument that there was no irreparable harm because plaintiff delayed in bringing this action after defendants' December 2023 announcement that they were ending the support services (see Advent Software, Inc. v SEI Global Servs., Inc., 195 AD3d 498, 499 [1st Dept 2021]; see also Barbes, 140 AD3d at 432).

The balance of the equities favors plaintiff rather than defendants (see Advent, 195 AD3d at 500; see also London Paint & Wallpaper Co., Inc. v Kesselman, 138 AD3d 632, 633 [1st Dept 2016]).

Contrary to defendants' contention, the court was not required to hold an evidentiary hearing, as they did not "raise an issue of fact as to any of [the] elements" required for a preliminary injunction (CPLR 6312[c]).

However, the amount of the undertaking ($500,000) was not "rationally related to defendants' potential damages should the preliminary injunction later prove to have been unwarranted" (Suttongate Holdings Ltd. v Laconm Mgt. N.V., 159 AD3d 514, 515 [1st Dept 2018] [internal quotation marks omitted]), such as the cost to defendants of providing special services to plaintiff. Therefore, we remand for further proceedings on this issue (see East 54th Operating LLC v Brevard Owners, Inc., 223 AD3d 407, 408-409 [1st Dept 2024]; 116 St. Laundromat & Dry Cleaning Inc. v 240-42 W. 116 St. Hous. Dev. Fund Corp., 215 AD3d 513, 514-515 [1st Dept 2023]; Spivak v Bertrand, 147 AD3d 650, 652 [1st Dept 2017]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 14, 2026